CHRISTIAN SANDER, Respondent, · *against* HERMAN ED-
LING, President of the Turtle Bay Park Association,
Limited, Appellant.

(Decided June 1st, 1885).

Since the passage of the acts of 1849 and 1851 (L. 1849 c. 258; L. 1851 c.
448; Code Civ. Pro. §§ 1919 *et seq.*), permitting an action against a com-
pany or an association of not less than seven members, who are the own-
ers of or have an interest in any property, right of action, or demand,
jointly or in common, or who may be liable to any action on account of
such ownership or interest, to be brought against the president or treas-
urer, such an action may be maintained by a member of an unincor-
porated association.

A plaintiff testifying as witness on the trial of an action may properly be
permitted to use the bill of particulars in the action to refresh his mem-
ory as to particular items of his demand, each of which he recollects
apart from the paper, although the bill of particulars is not in evi-
dence and is not an original memorandum made by himself.

By resolution of an unincorporated association the manager was author-
ized to make payments for the association not exceeding a specified
amount; and all bills over that amount were to be sent to and paid by
the treasurer. *Held*, in an action by the manager to recover from the
association money paid by him, that a payment exceeding the amount
fixed by the resolution, made by him with the knowledge and in the
presence of the treasurer, was to be regarded as paid with the latter's
acquiescence, and as, in effect, equivalent to a payment ordered by the
treasurer, and as such, within the intent of the resolution.

APPEAL from a judgment of this court entered upon the
report of a referee.

The action was brought to recover from defendant, as
president of the Turtle Bay Park Association, Limited, an
installment of salary alleged by plaintiff to be due to him
for services as manager under a contract with such associa-
tion, and for money advanced and paid by plaintiff for the
use and benefit of the association. The association con-
sisted of thirty members, of whom plaintiff was one. They
had instituted proceedings to incorporate themselves as a
limited liability company under the act of 1875, and had

filed their first certificate under that act in the office of the Secretary of State, but had never completed the proceedings for incorporation. After the preliminary steps were taken to form a corporation, meetings of the members were held, subscriptions to the joint capital stock made, president, treasurer, and other officers were appointed, and under such organization business was actually carried on for a considerable time. Plaintiff was elected manager at a salary of $100 a month, and served as such for several months. Both before and during the time of his service as manager, he expended various sums of money in necessary expenditures on account of the association.

At the trial plaintiff testified as a witness in his own behalf, and was permitted, against the objection of defendant, to use the bill of particulars served by him in the action to refresh his memory as to the items of his claim, he testifying that he had an independent recollection of each item; although the bill of particulars was not an original memorandum made by himself, but had been drawn up by his attorney and had not been introduced in evidence.

A question to the plaintiff by his counsel (referred to in the following opinion as at folio 300 of the case on appeal), asking him to give his best remembrance in regard to the amount of a certain bill which he had testified that he had paid for the association, was objected to by the counsel for the defendant on the ground that the subject was exhausted, but was allowed notwithstanding such objection.

At the close of the evidence defendant made a motion to dismiss the complaint, upon the ground, among others, " that the plaintiff was a member of the Turtle Bay Park Association, which is a voluntary unincorporated society, and he cannot therefore maintain this action." The referee denied the motion and found upon the issues for plaintiff. Judgment for plaintiff was entered upon the report of the referee. From the judgment defendant appealed.

*Ashbel P. Fitch*, for appellant.—Plaintiff cannot recover in this form of action against defendants. The parties were

general co-partners as to the business of the association, and not members of a joint stock association. They did not intend to form a joint stock association; they executed no articles of association for that purpose, and they issued no certificates of stock. It cannot properly be held that their failure to incorporate themselves made them what they never intended to be, to wit, a joint stock company. The law fixes the responsibility among themselves, and as to third parties, by holding them liable as general partners; that answers all purposes and preserves all rights. It is a well settled general rule that one partner cannot bring an action against his associates in a court of law. This is largely owing to the technical rule that he cannot be plaintiff and defendant in the same action. The rule goes even further and does not allow him to sue his associates in a case where the damages sought to be obtained belong solely to himself, provided they would have to be paid out of a fund to which the plaintiff must himself contribute (Lindley on Partnership, 728, 729, and cases there cited). The remedy in all such cases is an action in equity, in which an account can be taken, and the interests of the respective partners be ascertained and adjusted. No associate of an unincorporated association has an interest in the property or effects of the association which can be separated and taken out of the whole for his sole use until the joint affairs are settled, the association dissolved, the mutual rights of the members adjusted, and the ultimate share of each member determined (*McMahon* v. *Rauhr*, 47 N. Y. 67). In the cases of *Westcott* v. *Fargo* (61 N. Y. 542) and *Saltsman* v. *Shults* (14 Hun 256), relied on by plaintiff, the defendant in each was beyond question a joint stock company.

Assuming that plaintiff laid out the moneys for the benefit of defendant, which he claims to have done, there is no evidence to show any request of defendant therefor. There is no evidence to show that defendant knew that plaintiff was expending his own money for the association, and therefore no approval can be implied.

The referee erred in permitting plaintiff to read his bill

of particulars in evidence, such bill being not an original memorandum of items made by himself, but a paper made up by his attorney. The bill of particulars itself was not put in evidence, but the witness was practically allowed to read from it every item therein contained.

*James A. Seaman,* for respondent.—Upon the right of plaintiff to recover notwithstanding he was a member of the association, the authorities are 3 R. S. 6th Ed. 762; Code Civ. Pro. §§ 1919 &c.; *Westcott* v. *Fargo* (61 N. Y. 542); *Strebe* v. *Albert* (1 City Ct. Rep. 376); *Waterbury* v. *Merchants' Union Express Co.* (50 Barb. 158); *Saltsman* v. *Shults* (14 Hun 256); *Brindenbeker* v. *Hoard* (32 How. Pr. 289).

A witness may refresh his memory by using any written instrument, memorandum or entry, not necessarily written by himself, not necessarily an original entry, not necessarily in the usual course of business or employment. And if he testifies that his memory is refreshed by the reading of the paper, it is not essential what form of testifying the witness adopts (*Bigelow* v. *Hall,* 91 N. Y. 145; *McCormick* v. *Penn. C. R. R. Co.,* 49 N. Y. 315; *Marcly* v. *Shults,* 29 N. Y. 346; *Guy* v. *Mead,* 22 N. Y. 463; *Huff* v. *Bennett,* 6 N. Y. 339). These cases fully sustain the use of the bill of particulars by plaintiff in this case, and recognize the validity of testimony given by its aid.

The exception at folio 300 was on a point entirely in the discretion of the referee.

CHARLES P. DALY, Chief Justice.—The conclusion of the referee was correct that, since the passage of the acts of 1849 (L. 1849 c. 258) and 1851 (L. 1851 c. 448), any unincorporated association having a president or treasurer may be sued by a member of the association in an action against either of these officers. Such an association being in the nature of a copartnership, an action at law, before the passage of these statutes, had to be brought against all the members collectively, as such a body had no legal per-

sonality distinct from that of its members; and no single member could sue the body collectively, as no one could be plaintiff and defendant in the same action.

The statutes referred to have removed this difficulty by. allowing the action to be brought against the president or the treasurer; and it was consequently held in *Westcott* v. *Fargo* (61 N. Y. 542) that a stockholder of a joint stock corporation could sue the company in the form prescribed by the act of 1849. That statute allowed an action against a joint stock company or association consisting of more than seven shareholders to be brought against the president or treasurer of the company, and the act of 1851 extended the provisions of the former act to any company or association of not less than seven members who were the owners of or had an interest in any property, right of action or demand, jointly or in common, or who may be liable to any action on account of such ownership or interest; and if, as has been held, a stockholder of a joint stock company can sue the company in an action against the president or treasurer, under the act of 1849, I do not see why a member of any company or association under the act of 1851 cannot sue the association by bringing the action against one of these officers; for an action in that form is allowed by the act of 1851 against the company or association, if it is an owner or has any interest in any property, right of action or demand, the remedy being manifestly limited to what it owns as a body collectively.

None of the objections to the evidence were well taken. The witness had the right to use the bill of particulars to refresh his memory as to particular items, each of which, he testified, he recollected apart from the paper, and the allowing of the question objected to at folio 300 was entirely in the discretion of the referee.

In the finding of fact, the referee allowed the plaintiff $835.35 for money laid out and expended for the association.

At a meeting of the stockholders a resolution was passed

that the plaintiff should have the right to pay petty expenses out of the money taken in at the park in amounts not exceeding $25, to relieve him from the trouble of constantly calling upon the treasurer for such small sums, but that all bills over $25 were to be sent to and paid by the treasurer, and the $835.35 included payments by the plaintiff upon several occasions of amounts greater than $25.

The president testified that this meeting was held when the association took possession of the park, on the 1st or the 2nd day of May, but the plaintiff swore that it was held on the 11th of June, and fixed the day by the date of a bill which he paid upon that day immediately after the meeting. He testified that before the passage of the resolution on that day, no limit had been placed upon his expenditure by the directors; that he was employed as the manager of the park about a week before the opening of it, on the 1st of May; and that the payments he made were for work that he was ordered by the officers to have done to get the park ready, or payments made for supplies or other matters essential to the carrying on of the enterprise, such as $75 for a license.

The referee evidently believed the plaintiff as to the time, the 11th of June, when this resolution was passed, limiting his expenditures to sums not exceeding $25 in any one payment, or within any one week; and we cannot say that the referee erred. for the testimony of the defendant's witnesses do not agree as to the time when this resolution was passed. One agrees with the president, two leave it uncertain, and one agrees with the plaintiff. Kruger, the vice-president, remembered that it was passed, but was not sure at what meeting. Rothermell testified that it was at the second meeting after the park was opened, which was held, he said, about the middle of June, thus corroborating the plaintiff as to. the time of the meeting.

All that Gillig could testify to was that it was passed at a meeting immediately after they took possession of the park, but could not remember when it was held. He thought that

he acted as secretary of the meeting, but was not certain, and finally said that he was not positive whether the meeting was held in May or June.

Strassburger, the treasurer, could not tell at what place nor where it was held, except that he believed that it was just after the association started, and was sure that it was before the park was opened, in this respect contradicting the rest of the defendant's witnesses. He also said that the sum limited was $20 and not $25.

This statement is sufficient to show that the time when this resolution was passed was a question for the referee; and the materiality of the time of its passage is this—that if it was passed on the 11th of June, as the plaintiff testified, then none of the payments after that date included in the $835.35 were in sums as great as $25, except one of a bill for advertising to one Siebert of $41, which the plaintiff paid, as he testified, immediately after the resolution was passed. He testified that he called the attention of the president and of Kruger, the vice-president, the latter of whom was a member of the house committee—the "rulers of the park," as the president called them; that Mr. Siebert had been waiting throughout the meeting to get his bill paid, and that they told him to pay it; that he replied, " You have just passed a resolution for me not to pay; and I don't want to do it." Upon which they both said, " Go on and pay him," and the treasurer being present, the plaintiff then filled up a check and passed it to Siebert across the table; all of which, being done in the presence of the treasurer, may be regarded as done with his acquiescence; that it was in effect equivalent to a payment ordered by him, and as such within the intent of the resolution. All the other payments, as appeared by the exhibits and the plaintiff's testimony, which were made after the 11th of June, were made in sums less than $25 ; so that what the plaintiff recovered was his monthly salary, $100, and $835.45 expenditures, made by him by direction of the officers, before the 11th of June, when he was under no restriction,

and expenditures made by and paid for by him in sums less than $25 after the 11th of June.

The judgment should be affirmed.

ALLEN, J., concurred.

Judgment affirmed.