## McCABE v. GOODFELLOW, Treasurer.

*(Supreme Court, General Term, Fourth Department. July. 1891.)*

1. ASSOCIATIONS—ACTIONS AGAINST.
   Where more than seven persons met together and resolved to form an association, the name of which was agreed on, and a constitution was adopted and signed by the members, and thereafter a president and other officers were appointed, and the association commenced and actively prosecuted the business for which it was organized, the same thereby became an unincorporated association, and capable of being sued, under Code Civil Proc. N. Y. § 1919, which provides that an action may be maintained against the president or treasurer of an unincorporated association, consisting of seven or more persons, on any cause of action on which plaintiff might maintain an action against all of the associates jointly or severally.

2. SAME—RIGHT OF MEMBER TO SUE.
   The fact that plaintiff, suing for services rendered the association, was a member thereof, was no bar to the maintenance of his suit. MERWIN, J., dissenting.

3. ATTORNEY'S FEES—ACTION TO RECOVER—PARTIES.
   Where the two partners of a law firm agree that a certain class of their business shall be done by one of the members, and that he alone shall receive the fees therefor, an action may be maintained by such partner for the recovery of those fees without joining the other partner as a plaintiff.

Appeal from judgment on report of referee.

Action by James E. McCabe against John T. Goodfellow, treasurer of the Law and Order League of the town of Kirkland. The plaintiff, in his complaint, alleged that the Law and Order League of the town of Kirkland was a voluntary, unincorporated association, consisting of more than seven members; that it was organized for the purpose of suppressing the sale of intoxicating liquors in the town of Kirkland, and to prosecute persons violating the excise law residing in that town; that the defendant, John T. Goodfellow, was treasurer of said league; that the defendant was indebted to the plaintiff in the sum of $3,000 for services rendered for said league, as an attorney and counselor at law, between March 1, 1888, and the 1st day of June, 1889; and demanded judgment for that sum. The answer contained a denial; and also contained allegations that such league was not a permanent organization, and not "incorporated," within the spirit, meaning, and intent of section 1919 of the Code of Civil Procedure; that the alleged services were rendered by Williams & McCabe, and not by the plaintiff; that Elliott S. Williams was a necessary party plaintiff; that the plaintiff received certain amounts from the settlement of cases in which he acted as attorney; that most of the services performed were rendered for and upon the retainer of the overseer of the poor of the town of Kirkland; and that the plaintiff was a member of such association, and of its committee. The referee found that the Law and Order League of the town of Kirkland was an unincorporated association, consisting of more than seven members; that John T. Goodfellow, the defendant, was treasurer of such association; that the objects of the association were to give moral support to the village and town officers in the discharge of their official duties, and to see that they were faithful in enforcing the village and town laws, especially those regulating the traffic in intoxicating drinks; that the league, through its officers, duly-authorized agents and committees, retained the plaintiff, who was an attorney and counselor at law, to perform services and bring actions for penalties arising under the excise law of the state; that under such retainer the plaintiff performed services, outside of litigated business, amounting to 35$\frac{1}{2}$ days, which were worth $355; that under such retainer he also brought and prosecuted 10 actions to recover penalties for alleged violations of the excise law; that the services rendered in said actions, including disbursements, were worth the sum of $1,500; that on or about May 27, 1889, the league refused to recognize any liability to the plaintiff upon its retainer for services rendered; that the plaintiff thereupon gave notice that he should have no more to do with the cases, and that his employ-

ment then ceased; that the plaintiff received to apply on his services the sum of $175, leaving unpaid thereon the sum of $1,680, which was due and payable. As a conclusion of law, the referee held that the plaintiff was entitled to recover of the defendant $1,680, and directed judgment accordingly, with costs and disbursements to be taxed.' From a judgment for plaintiff, defendant appeals. Code Civil Proc. N. Y. § 1919, provides that "an action or special' proceeding may be maintained against the president or treasurer of [an unincorporated association consisting of seven or more persons] to recover any property, or upon any cause of action, for or upon which the plaintiff may maintain such an action or special proceeding against all the associates, by reason of their interest or ownership or claim of ownership therein, either jointly or in common, or their liability therefor, either jointly or severally."

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

C. D. Adams, for appellant.  S. M. Lindsley, for respondent.

MARTIN, J. The validity of the judgment in this case is sought to be impeached on the grounds (1) that the findings of the referee were not sustained by the evidence; (2) that the referee erred in receiving evidence of the value of the plaintiff's services; and (3) that he erred in denying the defendant's motion for a nonsuit.

A careful reading of the appeal-book discloses that there was a severe conflict in the evidence upon the question whether the defendant was employed by the law and order league to perform the services for which he recovered in this action.  The evidence of the plaintiff was that he was thus employed, and the documentary and other evidence introduced by him on the trial tended to corroborate his testimony.  The evidence introduced by the defendant tended to show that there was no such employment, or, at least, to show that the plaintiff agreed to look to the town of Kirkland for compensation for his services, and not to the league.  The referee, upon this evidence, has found for the plaintiff.  His finding is fairly sustained by the proof, and should, we think, be upheld.  Baird v. Mayor, etc., 96 N. Y. 567.

If we are correct in concluding that the evidence was sufficient to justify the referee in finding that the services performed by the plaintiff were rendered in pursuance of an employment by the law and order league, it follows that the evidence of the expert witnesses, as to the value of the services performed, was properly admitted.  The objection to this evidence was that no employment of the plaintiff by the defendant or liability on the part of the defendant was shown, and that it was incompetent.  As the proof tended to show that the plaintiff was employed by the league, and that it was liable for his services, we think this evidence was clearly competent.

The only other question we are called upon to consider is whether the referee properly refused to grant the defendant's motion for a nonsuit.  The grounds of this motion, briefly stated, were (1) that the law and order league was not such an association as is contemplated in section 1919 of the Code of Civil Procedure; (2) that there was no evidence that it ever employed the plaintiff or authorized any person or persons to do so; (3) that, as the plaintiff was a member of the league, he could not maintain this action; and (4) that the services were performed by the firm of Williams & McCabe, and the action could not be maintained in the plaintiff's name.  In examining the question of the propriety of the referee's ruling, we will examine the several grounds upon which the motion was based, in the order in which they are stated.

In this case the proof disclosed that a meeting was held; at such meeting it was resolved to form an association; the name of the association was agreed upon; a constitution was adopted; it was signed by the members; a president and other officers were subsequently appointed; and the association commenced and continued the business which was the purpose of the organization

with energy and persistence until the time of the commencement of this action. We think the evidence was sufficient to justify the referee in finding that the law and order league was an unincorporated association consisting of seven or more persons, and within the provisions of section 1919 of the Code of Civil Procedure. *Bank* v. *Van Derwerker*, 74 N. Y. 234, 239; *Ebbinghousen* v. *Worth Club*, 4 Abb. N. C. 300; *Flagg* v. *Swift*, 25 Hun, 623. Nor do we think the appellant's claim that the association never employed the plaintiff, nor authorized any person to do so, was sustained by the evidence. On the contrary, as we have already held, the evidence fully sustained the finding that the association, through its duly-authorized agents and committee, retained the plaintiff to perform the services and bring the suits for which a recovery was had herein. Indeed, the evidence tends quite strongly to show that such employment was by the association, or at least was ratified by it. We therefore find nothing in the second ground that would have justified the referee in granting the defendant's motion. That the plaintiff was a member of such association was, upon sufficient evidence, found by the referee, but he refused to find that he was a member of a committee of such association. We do not think the fact that the plaintiff was a member of the association was a bar to his maintaining an action for his services. *Westcott* v. *Fargo*, 61 N. Y. 542; *Saltsman* v. *Shults*, 14 Hun, 256; *Fritz* v. *Muck*, 62 How. Pr. 73; *Sander* v. *Edling*, 13 Daly, 238; *Winter* v. *Hamm*, 5 Civil Proc. R. 195.

But it is said that the services for which the plaintiff recovered were performed by the firm of Williams & McCabe, and hence that the action could not be maintained by the plaintiff without joining Williams as a party, or acquiring title to his interest in the claim. The evidence does not sustain this contention. While it was shown that the actions were brought in the name of Williams & McCabe, it was also proved that the arrangement between the members of that firm was that a certain class of the business coming to their office should be done by one member of the firm, and that he should receive the pay therefor; that another class of business should be performed by the other, and he receive the fees therefor; and that in the business in question the plaintiff was the only person interested. Under these circumstances, we think the action was properly brought in the plaintiff's name. These considerations lead us to the conclusion that the referee properly denied the defendant's motion for a nonsuit. We think the decision of the referee was fairly sustained by the evidence, that there are no errors in his rulings that require a reversal, and that the judgment should be affirmed. Judgment affirmed, with costs.

HARDIN, P. J., concurred.

MERWIN, J., (*dissenting*.) Under section 1919 of the Code, an action in this form can be maintained only upon a cause of action "for or upon which the plaintiff may maintain such an action or special proceeding against all the associates." In the present case, I doubt very much the right of the plaintiff to make all the associates personally liable, for that is the effect of his claim. No such liability was in contemplation. The plaintiff was one of the associates, and is chargeable with knowledge of the situation. The funds were to be raised by voluntary contribution or subscription. The plaintiff himself seems to have been a subscriber to a guaranty fund. The special or central committee had no authority to pledge the credit of all who signed the constitution.