RANKEN v. PROBEY.

(Supreme Court, Appellate Division, Third Department.   March 10, 1909.)

1. ASSOCIATIONS (§ 5*)—RIGHTS OF MEMBERS—HOW DETERMINED.
   The rights of members between themselves and the association and among themselves are governed by the agreement contained in the constitution and by-laws.
   [Ed. Note.—For other cases, see Associations, Cent. Dig. § 4; Dec. Dig. § 5.*]

2. ASSOCIATIONS (§ 16*)—LIABILITY OF MEMBERS—"ASSOCIATION ORGANIZED FOR PECUNIARY PROFIT."
   An association organized for pecuniary profit is one organized to carry on some business in which a profit is looked for, in which case the members become in fact copartners, and the liability of the individual member rests on rules governing the liability of partners and the liability of principals for the acts of the agent.
   [Ed. Note.—For other cases, see Associations, Cent. Dig. § 26; Dec. Dig. § 16.*]

3. ASSOCIATIONS (§ 20*)—PLEADING ORGANIZATION FOR PECUNIARY PROFIT—SUFFICIENCY TO ADMIT PROOF THEREOF.
   An averment that an association was organized for pecuniary profit, if unchallenged by a motion to make more definite, is sufficient to authorize proof of such a purpose in its formation as would authorize contracts in excess of the fund provided by the initiation fees and dues.
   [Ed. Note.—For other cases, see Associations, Cent. Dig. § 43; Dec. Dig. § 20.*]

4. ASSOCIATIONS (§ 16*)—SERVICES OF SECRETARY—POWER TO PLEDGE CREDIT OF MEMBERS THEREFOR.
   If the duties of the secretary of an association are such that a failure to perform them would subject the society to pecuniary loss, the necessity

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the service implies the power to pledge the credit of the members therefor.

[Ed. Note.—For other cases, see Associations, Cent. Dig. §§ 26, 29; Dec. Dig. § 16.*]

5. PLEADING (§ 8*)—CONCLUSION OF FACT—RIGHT TO MORE SPECIFIC AVERMENTS.

Conclusions of fact may be pleaded subject to the right of the adverse party to move for more specific averments.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 12; Dec. Dig. § 8.*]

Appeal from Trial Term, Rensselaer County.

Action by William Ranken against T. O. Probey, as president of the National Carriage Dealers' Protective Association. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

The complaint in this action was dismissed at the opening of the trial upon the ground that it did not state facts sufficient to constitute a cause of action. The complaint was in form as follows:

"The plaintiff for his amended complaint against the defendant respectfully alleges and shows to the court:

"First. That the said National Carriage Dealers' Protective Association was at the times hereinafter mentioned, and ever since has been, an unincorporated association, consisting of more than seven members. That the object for which said association was organized was the protection and benefit and pecuniary profit of the retail carriage dealers throughout the United States. That the said association has upward of six hundred (600) members. That the said association is governed by a constitution and by-laws duly adopted by said association, under which constitution and by-laws the members of said association are required to pay as an initiation fee the sum of five ($5) dollars, and, in addition thereto, each member shall pay as his annual dues the sum of two ($2) dollars, payable in advance.

"Second. That the said T. O. Probey at the time of the commencement of this action was the duly elected president thereof.

"Third. That for many years prior to the 9th day of October, 1908, the plaintiff held the office of secretary of the said defendant, the National Carriage Dealers' Protective Association, discharging the duties and rendering the services appertaining thereto.

"Fourth. That the salary of the secretary of said association during the past several years has been and was duly and regularly fixed by the defendant association at fifty dollars ($50) per month.

"Fifth. That the said defendant association has failed and neglected to pay to this plaintiff his said salary at the rate of fifty ($50) dollars per month of the eight (8) months next preceding the 9th day of October, 1906, and the defendant association is now justly indebted to the plaintiff in the sum of four hundred ($400) dollars for such salary and services rendered by him as such secretary as aforesaid, no part of which has been paid, after demand made therefor.

"Sixth. That while acting and performing the duties of such secretary plaintiff incurred certain expenses incident to the conduct of his office as such secretary, to wit, the sum of one hundred ($100) dollars, pursuant to and by virtue of resolutions of said association heretofore duly passed and approved, authorizing the secretary of said association to incur expenses incident to his office, and to purchase such supplies as might be necessary in the conduct thereof, which sum is now justly due and owing the plaintiff by the defendant.

"Seventh. That this action is brought against the president of said association, the National Carriage Dealers' Protective Association, to recover the said salary of the plaintiff as secretary of said association, and the expenses incidental to the office of secretary thereof and incurred by him in the conduct of his office as such secretary, for and upon which claim the plaintiff might

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

have maintained such action against all of the members of the said association, either jointly or severally.

"That all of the members of said National Carriage Dealers' Protective Association are liable jointly and severally to pay the claim herein sued on.

"That the services rendered and the disbursements made by the plaintiff as secretary of the National Carriage Dealers' Protective Association as hereinbefore set forth, and which make up the claim herein sued on, were necessary for the preservation and the maintenance of the existence of the said association.

"Wherefore, plaintiff demands judgment against the defendant for the sum of five hundred ($500.00) dollars, with interest from the 9th day of October, 1906, together with the costs of this action."

From the judgment entered upon the order dismissing the complaint the plaintiff has appealed to this court.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

H. P. Humphrey, for appellant.

Peck & Behan (John T. Norton, of counsel), for respondent.

SMITH, P. J. The questions arising in this case do not arise between the unincorporated association defendant and a third party. The contract here to be construed was made between the association and one of its own members. Whatever, therefore, may be the rights of third parties in dealing with such an association, it can hardly be questioned that the rights of members with the association and among themselves are to be governed by their agreement which is contained in their constitution and by-laws. This is held in Belton v. Hatch; 109 N. Y. 593, 17 N. E. 225, 4 Am. St. Rep. 495; O'Brien v. Grant, 146 N. Y. 173, 40 N. E. 871, 28 L. R. A. 361. In the latter case in the opinion it was said:

"It was perfectly competent for the banks to form themselves into this voluntary association, and to agree that they should be governed by a constitution and by-rules. When adopted, they express the contract by which each member was bound, and which measured its rights, duties, and liabilities."

In the complaint is stated the contract between the association and its members, by which its members were required to pay an initiation fee of $5, and, in addition thereto, $2 per year, payable in advance. We may assume that there is no further express provision either in the constitution or by-laws subjecting the members of the association to any further liability.

In McCabe v. Goodfellow, 133 N. Y. 89, 30 N. E. 728, 17 L. R. A. 204, a law and order league had been organized for the purpose of using their influence to assist the town and village officers in enforcing the excise and corporate laws. There was no constitution or by-laws, but it seems to have been contemplated that the moneys necessary to perfect the purpose of the association should be raised by subscriptions. The officers of the association employed an attorney to prosecute for penalties. The action was brought against the association under section 1919 of the Code of Civil Procedure for the value of the services rendered by the attorney in these prosecutions for penalties. It was held that the association was not liable, as no individual liability was there contemplated. In the opinion, however, occurs this sentence:

"In this respect there is a plain distinction between associations formed for the purpose of pecuniary profit and those formed for other objects."

This complaint alleges that this association was formed for pecuniary profit, and it is claimed that this allegation distinguishes this case from the rule of law stated in the case above cited. A further reading of the opinion in the McCabe Case makes clear what is there meant by an association organized for a pecuniary profit. It refers to an association organized to carry on some business in which a profit is looked for, in which case the members of the association become in fact copartners, and the liability of the individual member rests upon rules governing the liability of partners and the liability of principals for the acts of the agent. Such was the case of the National Bank v. Van Derwerker, reported in 74 N. Y. 234. In Lightbourn v. Walsh, 97 App. Div. 187, 89 N. Y. Supp. 856, an association was formed of the members of the Socialist Labor Party, who were required to pay monthly dues. A newspaper was started by this association, which was supported by a fund acquired from voluntary contributions, "and it did not appear that the board of trustees in charge of the newspaper were authorized to contract debts in excess of such fund." It was there held that one who rendered services as a linotype operator in the printing of the newspaper, and who was a member of the association, could not recover against the association for his services, and that "it could not be said that it was within the contemplation of the members of the organization that they should be individually liable for debts contracted in the publication of the newspaper." But the question here arises as it were upon a demurrer. The averment that the corporation was organized for pecuniary profit could well have been more definite. Unchallenged, however, by motion to make more definite, it is sufficient to authorize proof of such a purpose in its formation as would authorize contracts in excess of the fund provided by the initiation fees and dues. The duties of plaintiff may have been such that a failure to perform the same would subject the society to pecuniary loss. In such case, there would be little doubt from the necessity of the service of an implied power to pledge the credit of the members therefor. The complaint is challenged as stating conclusions only, but those conclusions are conclusions of fact which may be pleaded, subject to the right of defendant to demand by motion more specific averments.

The judgment should therefore be reversed, and a new trial granted, with costs to appellant to abide event.

Judgment reversed and new trial granted, with costs to appellant to abide event. All concur.