consisted of "No plans filed and approved." Consequently, on the very face of the paper, if any ambiguity existed, it was by the nature of the case resolved against plaintiff's contention. No amount of physical repairs or alterations could remove a violation which consisted of the fact that previous repairs had been made without the approval of the plans therefor. Defendants proved conclusively by the records and officials of the tenement house department that the four violations enumerated had been canceled of record in the department. What actually happened was that, six years later, plaintiff, having perhaps partly been urged thereto by a refiling of these violations by certain inspectors (for reasons which do not appear) determined to reconstruct part of the premises, and finding, under the Tenement House Law as amended in 1912 (Laws 1912, c. 454), that this would have to be done with some slight reconstruction, desires to charge defendants with the expense therefor. I can see no basis for the claim, either under the contract alleged to have been broken or in any principle of law.

[2] The learned judge below also submitted to the consideration of the jury, as one of the elements of damage, rents lost during the period of reconstruction. Plaintiff respondent concedes, as it must, that this was improper, but urges that it was not prejudicial, because the verdict was for less than the amount which plaintiff claims the repairs cost. In view of our opinion on the merits of plaintiff's claim, this error becomes immaterial; otherwise, it would have, of itself, required a reversal.

Judgment reversed, with costs, and complaint dismissed, with costs to appellant. All concur.

<hr/>

(91 Misc. Rep. 50)

### NIEMYJSKI v. SCHLESINGER.

(Supreme Court, Appellate Term, First Department. June 28, 1915.)

1. INSURANCE �köm719—DEATH BENEFITS—AMENDMENT OF BY-LAWS—PRESUMP-TION OF CONSENT.

   A person who is a member of a labor union at the time its by-laws are changed so as to dispense with the payment of death benefits is presumed to have consented to such amendment, where he pays his dues thereafter and remains a member, and it does not appear that he thereafter paid any death benefit assessment.

   [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1855; Dec. Dig. ⊙═719.]

2. INSURANCE ⊙═805 — DEATH BENEFITS — RIGHT TO RECOVER — CONDITIONS PRECEDENT.

   Compliance with, or an attempt to comply with, a requirement of the by-laws of a labor union that no death benefits should be paid unless the claim be submitted to and approved by the general executive board, was a condition precedent to the right to recover such death benefits.

   [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1987, 1988; Dec. Dig. ⊙═805.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by John Niemyjski, as administrator of Joseph Mensky, also known as Joseph Niemyjski, deceased, against Benjamin Schlesinger,

as president of the International Ladies' Garment Workers' Union. From judgment for plaintiff, defendant appeals. Reversed and dismissed.

Argued May term, 1915, before GUY, LEHMAN, and WHITAKER, JJ.

Meyer London, of New York City, for appellant.
Anton Gronich, of New York City, for respondent.

WHITAKER, J. This action was brought to recover a death benefit claimed to have become due upon the death of a member of the association in good standing by the name of Joseph Niemyjski.

[1] The International Ladies' Garment Workers' Union is a labor union. There is a central organization or union. There are also local subordinate unions. The local unions send delegates to the central or main organization, which meets every two years. This central or main organization makes rules, by-laws, etc., governing the local unions and their members. The central union reserves to itself the power to make by-laws for the local unions, although the local unions have certain restricted powers to make by-laws not inconsistent with the by-laws or constitution of the central organization. Members of the local unions pay certain per capita dues to the central organization. This central organization is governed by an executive board. This central organization, when in session, had in 1911, and still has, the right and power to change or amend its constitution. Section 15, art. 3. Prior to the year 1911, at the time the deceased joined the local union, article 18 of the central organization provided for death benefits. The estate of any member of the local union who joined at the age of 50 or less, and who continued a member for one year in good standing and was not in arrears with his dues, assessments, and fines for more than three months, upon death, was entitled to be paid a certain amount of money. A four-year membership entitled the estate of the deceased to receive $200. To meet this payment each member was to pay a special assessment of 50 cents in addition to dues. The death and accident benefits were to be raised by levying an assessment on the general membership. Section 3, art. 18, specifically provided:

"That no death benefits shall be paid unless the claim has been submitted to and approved by the general executive board."

Section 4 required that claims for benefits against the International Union (the central organization) should be filed with the general secretary-treasurer within 30 days after the same accrued; otherwise, they were not to be paid. Prior to the year 1913, and a year before the death of Joseph Niemyjski, all the provisions providing for a death benefit were repealed. There is no evidence in the case that Joseph Niemyjski ever paid any death payment, or that he ever paid any other sums than his dues; nor is there any evidence that Joseph Niemyjski, or any one on his behalf, ever complied with section 3, art. 18, which required claims for death benefits to be approved by and submitted to the general executive board. The provision for the payment of death benefits was simply an incidental matter connected with the

organization. It was not one of the purposes for which the society was organized, as declared in the constitution. The association had power, as is shown by its constitution of 1911 and 1913, to amend its constitution. Joseph Niemyjski was a member, and was equally bound by the provision which authorized such amendments, and when he became a member he was bound by the provisions of the constitution then in force, including the provision allowing amendments.

The rights of members of an unincorporated association are governed by its constitution and by-laws. Joseph Niemyjski, being a member of the association when the amendment to the constitution was made repealing section 18, which provided for death benefits, is presumed, at least in the absence of evidence to the contrary, to have consented to the amendment, inasmuch as he paid his dues for at least a year thereafter and remained a member. When the constitution was adopted, it became a contract by which each member was bound. Ranken v. Probey, 131 App. Div. 328, 115 N. Y. Supp. 832; Belton v. Hatch, 109 N. Y. 593, 17 N. E. 225, 4 Am. St. Rep. 495; O'Brien v. Grant, 146 N. Y. 163, 40 N. E. 871, 28 L. R. A. 361. At the time of the death of Joseph Niemyjski there was no provision for payments of death benefits, or the levying and collection of assessment for that purpose, and there is no evidence that Joseph Niemyjski ever paid any such assessment, or any other sum beyond his dues.

[2] Neither did Joseph Niemyjski comply or attempt to comply with the provisions of section 3 above referred to, which we think was a condition precedent. Clemens v. American Fire Ins. Co., 70 App. Div. 435, 75 N. Y. Supp. 484.

Judgment should be reversed, with costs, and complaint dismissed, with costs.

LEHMAN, J., concurs. GUY, J., concurs in result.