BERNARD KNOPP, Respondent, *v.* EDWARD T. SHERWOOD, JR., and Another, as Most Worshipful Grand Master (President), and Right Worshipful Grand Treasurer (Treasurer), Respectively, of the Most Worshipful Grand Lodge of the Most Ancient and Honorable Fraternity of Free and Accepted Masons, PRINCE HALL, of the State of New York, an Unincorporated Association Consisting of More than Seven Members, Said Defendants Having by Court Order Been Substituted for DANIEL T. TEAGLE and Another, Respectively, Original Defendants, Appellants.

First Department, December 8, 1933.

*Francis F. Giles* of counsel [*Oliver D. Williams, Francis F. Giles* and *George H. Beaubian,* attorneys], for the appellants.

*Talbot M. Malcolm* of counsel [*Henry T. Malloy* with him on the brief; *Phillips & Avery,* attorneys], for the respondent.

MARTIN, J. The judgment herein was rendered after a trial before the court without a jury in an action on a guaranty of a building construction contract. The amount alleged to be due is not in dispute. The only question raised by the appellants is whether the plaintiff is entitled to recover any damages. If the judgment is to be affirmed, it is conceded it should be for the amount found to be due by the trial court.

The appellants contend, however, that the judgment should be reversed as a matter of law, because the plaintiff failed to prove that all of the members of the defendant lodge are liable upon the guaranty. The ground urged is that the plaintiff failed to prove prior authorization to enter into the contract of guaranty on the part of all of the members of the lodge, or a subsequent ratification thereof.

The respondent concedes there was no authorization to enter into the contract but argues that there was a ratification thereof.

The pleadings admit that the appellants are an unincorporated association with more than seven members, having a president and treasurer, and organized to operate without profit solely as a Masonic fraternity, the purposes thereof being wholly social, fraternal and charitable. This is shown by the constitution and by-laws of the fraternity, submitted on the argument.

On April 2, 1926, the Prince Hall Temple and Home Association, Inc., entered into a contract with the plaintiff, Bernard Knopp, and H. J. Depasso & Co., for the erection of a Masonic temple in the city of New York to cost $443,000. The interest of H. J. Depasso & Co. was later assigned to the plaintiff, Bernard Knopp. The day after the contract was signed, one Joseph Sullivan executed a contract of guaranty in the name of the Most Worshipful Grand Lodge of the Most Ancient and Honorable Fraternity of Free and Accepted Masons (Prince Hall) of the State of New York, guaranteeing the payment of installments provided for in the contract as they became due. Joseph Sullivan was at that time the grand master of the fraternity. The agreement of guaranty was attested and sealed by Arthur A. Schomburg, grand secretary of the fraternity. At the time of signing the agreement of guaranty the matter had not been submitted for approval to the members of the organization known as the grand lodge which then had on its membership roll about 500 members.

The Prince Hall Temple and Home Association, Inc., defaulted in making a $60,000 payment which became due, and the plaintiff instituted this action against the defendants on the aforementioned guaranty.

The trial court considered the guaranty to be one of payment rather than one of performance and held that the defendants were not liable for any damages by reason of a breach of the building contract by the main obligor, but that the defendants were liable for the payment of $60,000 which became due and payable at or prior to the time of the breach, plus interest. From this amount, payments were deducted which had been made thereon from time to time, amounting to $51,254.76. Interest which accrued from the date of each payment to the date of decision was added thereto and a verdict rendered for the sum of $14,650. By adding costs and disbursements, the judgment amounted to $14,831.25.

The statement by the trial justice indicates he regarded the grand lodge as an entity, separate and apart from all the members comprising it. He said: " All right then, we will proceed to a determination. There are two fundamental questions requiring determination in this case: First, whether the guaranty on behalf

of the defendants, Most Worshipful Grand Lodge of the Most Ancient and Honorable Fraternity of Free and Accepted Masons — Prince Hall of the State of New York, was valid and effectual to bind the defendants. Whatever doubt there might be concerning the authority of the Grand Master, Joseph Sullivan, and the Grand Secretary, A. A. Schomburg, as an original matter to bind the defendants, I am persuaded that in any event their action in executing the guaranty was ratified by the Grand Lodge. Hence the guaranty is effective to bind the Grand Lodge.''

The plaintiff is endeavoring to maintain a cause of action based upon a guaranty alleged to bind all the members of the defendant unincorporated association known as a Masonic grand lodge, although many of the members knew nothing about the matter and were not aware of any action by the grand lodge. The several defendants insist that no action of any kind was taken at any meeting or otherwise by the members of the lodge. Before the members may be held liable, it must be established that authority was given to execute the guaranty or that it was subsequently ratified. The only conference held on the matter of the guaranty was one attended by the grand master, grand secretary and grand treasurer. The grand master of the grand lodge, Mr. Sullivan, had no authority at that time to enter into the contract of guaranty for and on behalf of the members. The contract, executed on April 3, 1926, could not have been authorized at a meeting held two months later, which meeting was the regular meeting held in accordance with the provisions of the grand lodge's constitution.

The fact that a separate corporation was formed for the purpose of erecting the Masonic temple indicates that the grand lodge wished to avoid all liability of its members which might ensue from such transactions. While there is testimony that a $25,000 payment was made on account of the contract price, there is no evidence of any authority having been given to make such a payment.

It appears that the ratification relied upon is based upon the fact that Mr. Sullivan in his annual address or report to the grand lodge not only mentioned the contract but made it part of his report, and that his report having been approved, the members of the lodge are liable on the guaranty. One witness, a lawyer, who attended all the meetings, testified that upon learning of the alleged guaranty he stated it was unauthorized and notified the officers of the grand lodge to that effect.

The members of an unincorporated association may not be held liable because some of the officers undertake to make all the members liable by guaranteeing payments on a contract without any authority and without following the formalities necessary to bind the members.

Assuming that the evidence of plaintiff is true, there was no ratification of the contract. (*People's Bank* v. *St. Anthony's Roman Catholic Church*, 109 N. Y. 512; *Catholic Foreign Mission Society* v. *Oussani*, 215 id. 1; *Credit Alliance Corp.* v. *Sheridan Theatre Co.*, 241 id. 216; *Seckendorff* v. *Halsey, Stuart & Co.*, 259 id. 353.)

In *People ex rel. Solomon* v. *Brotherhood of Painters* (218 N. Y. 115) the court said: " It is well established that in a proceeding or action against a voluntary, unincorporated association to recover damages, facts must be alleged and proved which render all the members of such association liable for the sum claimed [*McCabe* v. *Goodfellow*, 133 N. Y. 89; *Schouten* v. *Alpine*, 215 id. 225]. In the present proceeding there was neither allegation nor proof to meet the requirements of this rule."

The law on this subject is set forth in *Ostrom* v. *Greene* (161 N. Y. 353): " Neither did its members possess the powers or share the responsibilities of copartners in all respects, for one was not presumed to be the agent of all, the death of one did not dissolve the association and no member was liable to a creditor unless in some way he assented to the contract creating the liability. (*Lafond* v. *Deems*, 81 N. Y. 507, 514; *In the Matter of the St. James Club*, 2 De Gex, M. & G. 383; *Flemyng* v. *Hector*, 2 M. & W. 172.) " (See, also, *Doscher* v. *Vanderbilt*, 177 App. Div. 813; *McCabe* v. *Goodfellow*, 133 N. Y. 89; *Schouten* v. *Alpine*, 215 id. 225, 232.

We are unable to find from the evidence in this record that the members of the grand lodge ratified the guaranty sued upon. The judgment should, therefore, be reversed, with costs, and the complaint dismissed, with costs.

FINCH, P. J., O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.