■ CASTLE A. SAM, Respondent, v. MAY FARKAS, Individually and as Executrix of SAM FARKAS, Deceased, Appellant.— Orders insofar as appealed from unanimously modified to provide that the objections to the complaint that the writing upon which the causes of action are based is unenforcible under the provisions of the Statute of Frauds are overruled and the defendant is permitted to allege the same facts as a defense in her answer, and as modified the orders are affirmed, without costs of this appeal to either party. Memorandum: In the exercise of a proper discretion the objections to the complaint should be overruled and defendant permitted to allege the same facts as a defense in her answer. (Rules Civ. Prac., rule 108.) (Appeal from parts of two orders of Chautauqua Special Term denying motion by defendant to dismiss the complaint. The second order was an order of resettlement.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

■ MARGUERITE N. HEWITT et al., Respondents, v. STATE OF NEW YORK et al., Appellants. (Claim No. 35792.) — Order unanimously affirmed, with $25 costs and disbursements. (Appeal from order of Court of Claims granting claimants' motion for an examination before trial.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

■ AMHERST BOWLING CENTER, INC., Respondent, v. JOSEPH S. DOLCE, Individually and as Administrator of the Estate of ROSS A. MAURI, Deceased, Appellant.— Order unanimously reversed, with $25 costs and disbursements and motion granted, with $10 costs. Memorandum: There was no undue delay in the making of defendant's motion to amend his answer to set up the affirmative defense of fraud. The principal grounds of opposition to the granting of the motion were the contentions that the proposed affirmative defense was insufficient in law as a plea of fraud and that plaintiff would be prejudiced by service of the amended answer for it would be unable to move against the amended answer for summary judgment, as it asserts it might have against the original answer. The general policy of liberality with respect to amending pleadings requires that the defendant be given an opportunity to assert his affirmative defense. In granting defendant's motion we are not passing upon the sufficiency or merits of the amended answer. (*Coron* v. *Lincks,* 259 App. Div. 924; *Lazarus* v. *Rice,* 268 App. Div. 985; *Gillette* v. *Allen,* 269 App. Div. 441, 449.) It cannot be said as a matter of law that the insufficiency of the pleading is clear on its face and free from doubt. Under these circumstances, defendant should have an opportunity to assert the defense and the plaintiff to make such motions against it as it may deem advisable. (See 4 Carmody-Wait, New York Practice, § 25, pp. 566, 567.) (Appeal from order of Erie Special Term denying defendant's motion for leave to serve amended answer.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

■ ANN F. TRIPP as Administratrix of the Estate of JOSEPH A. LAKIN, Deceased, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 33542.) — Judgment unanimously affirmed, without costs of this appeal to either party. (Appeal from judgment of Court of Claims dismissing claimant's claim.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ. [15 Misc 2d 654.]