**Hans Randolph REINISCH et al.,
Plaintiffs,**

**v.**

**The NEW YORK STOCK EXCHANGE
et al., Defendants.**

**No. 70 Civ. 4299.**

United States District Court,
S. D. New York.

June 10, 1971.

400 shares of stock in June and July, 1967.

Milbank, Tweed, Hadley & McCloy, New York City, for defendants New York Stock Exchange, Bache & Co., Inc., Walston & Co., Inc., Paine Webber Jackson & Curtis and F. I. Dupont, Glore Forgan & Co.

Forsythe, McGovern, Pearson & Nash, New York City, for defendant American Stock Exchange.

Davis Polk & Wardwell, New York City, for defendant American Stock Exchange.

Reavis & McGrath, New York City, for defendant Association of Stock Exchange Firms.

Brown, Wood, Fuller, Caldwell & Ivey, New York City, for defendant Merrill Lynch Pierce Fenner & Smith, Inc.

Hayden C. Covington, New York City, for plaintiffs.

WYATT, District Judge.

This is a motion by defendants for an order determining that this may not be maintained as a class action. Fed.R. Civ.P. 23(c) (1).

The complaint was filed on October 5, 1970.

At first glance, it is difficult to say whether there is more than one plaintiff. There is a named individual plaintiff, Mr. Reinisch, after whose name in the caption appear these words: "President of the National Shareholders Association, individually, and on behalf of all members of the National Shareholders Association and on behalf of all other present and future shareholders trading on the defendant's [so in original] exchanges". Following these words in the caption appears the word: "Plaintiffs".

■ There is an averment in the complaint (para. 5) as follows:

"National Shareholders Association is an unincorporated association duly organized and existing as an association under the laws of the State of New York with its membership composed exclusively of shareholders trading securities upon the defendant exchanges."

There are no laws in New York for the organization of an "unincorporated association" and such an association is not a legal entity separate from the persons who compose it. Ostrom v. Greene, 161 N.Y. 353, 360–361, 55 N.E. 919 (1900); Gillette v. Allen, 269 App.Div. 441, 56 N.Y.S.2d 307, 311 (4th Dept., 1945)

The addition of "National Shareholders Association" as a plaintiff thus means nothing and the fact is that there is one plaintiff, the individual Hans

Randolph Reinisch, who purports to bring a class action.

▮ The class is first described in the complaint (para. 4) as follows:

" * * * all the millions of shareholders trading their shares on the defendants' exchanges through the above named brokerage firms and all other member firms of said exchanges and for all persons presently owning securities traded on the defendant-exchanges for a period of six years and on behalf of all persons who in the future may become similarly situated as owners and traders of securities on the defendant-exchanges and engaged in the buying and selling of securities on such exchanges."

The plaintiff, Mr. Reinisch, describes himself in the complaint (para. 5) as one who "long has been and is presently an investor engaged in buying and selling shares on the defendant exchanges".

The precise specification of the class, on whose behalf the action purports to be brought, is hard to discover. It was first described in the quotation from paragraph 4 of the complaint above. The class is later said to be "described in paragraph 9 below". This may be a typographical error and that paragraph 8 was meant. In paragraph 8 the class is described as follows:

> "The class is comprised of many millions of securities owners and traders presently buying and selling securities traded on the defendant-exchanges for six years to the present time and those who in the future may become owners and traders buying and selling shares on the said defendant-exchanges."

The named defendants are as follows:

(1) The New York Stock Exchange

(2) The Association of Stock Exchange Firms

(3) American Stock Exchange

(4) Merrill Lynch Pierce Fenner & Smith, Inc.

(5) Bache & Co., Inc.

(6) Walston & Co., Inc.

(7) Paine Webber Jackson & Curtis

(8) Francis I. duPont-Glore Forgan

It is said that the first three defendants are unincorporated associations, that the two last named defendants are partnerships, and that the other defendants are corporations.

There are two claims in the complaint, each called a "cause of action".

The first avers that defendants have violated the antitrust laws (15 U.S.C. §§ 1, 2, 15, 26) because they have agreed on commission rates for buying and selling securities on the exchanges.

The second avers that defendants have violated the antitrust laws because they have agreed on a "surcharge" or "service fee" of $15 on the purchase or sale of 1000 shares or less.

Jurisdiction is asserted (and appears to exist) under 28 U.S.C. §§ 1331 and 1337.

The defendants have served answers which, in addition to a general denial, assert affirmative defenses. Among these are that the rules of the exchange defendants, including those as to rates of commission and surcharges, are subject to the primary jurisdiction of the Securities and Exchange Commission (SEC) and cannot be in violation of the antitrust laws.

It would be difficult to find the exact number of members of the class, not only because the description of the class is not precise but because the statistics are extensive. The moving affidavits, however, show that the class would in any event number more than 20,000,000 members in the United States and about a million more members of the class are outside the United States.

**564**

It is evident that the claims of the class members would differ widely. The theory of the first claim is that, were it not for the fixed rates of commissions, the "spur of competition" would reduce the rates to class members. This theory, however, could never be applied uniformly to the class members. The volume of transactions, the number of shares bought or sold, the relationship to other customers, the length of the business relationship—these are but a few of the factors which, on a negotiated basis on each trade, would affect the competitive influence as to rates.

As for the second claim, not only would the same factors be present but in addition it is unknown how many class members, if any, buy in lots of more than 1000 shares and, if so, how often.

As for the class representative Mr. Reinisch, nothing whatever is shown as to his ability "fairly and adequately" to "protect the interests of the class". Fed.R.Civ.P. 23(a) He tells us that he has been "an active investor" but it is not disclosed how many transactions he has made, or on what exchanges, or for how many shares, or otherwise.

The class itself, as indicated, is conglomerate and not appropriate for a class action under Rule 23. But even if it were, there is no reason to suppose that plaintiff would be a proper class representative. This is not because he is not able or devoted or experienced. It is assumed that he is all these things. The difficulty is that his own claims, based on his own transactions, are not shown to be like those of the class for which he wishes to act.

The motion is accordingly granted and it is determined that this action is not to be maintained as a class action (Fed.R.Civ.P. 23(c) (1)).

So ordered.