Dan **JOHNSON**, etc., plaintiff,

v.

Bill H. **LONG**, etc., et al.,
Defendants.

Civ. A. No. 74–276–N.

United States District Court,
M. D. Alabama, N. D.

June 10, 1975.

Edwin K. Livingston, Montgomery, Ala., for plaintiff.

Larry Newman, Asst. Atty. Gen., of Alabama, Montgomery, Ala., for defendants.

## ORDER ON CLASS ACTION DETERMINATION

VARNER, District Judge.

Dan Johnson, a prison inmate at the Mt. Meigs Medical and Diagnostic Center, filed a complaint herein September 6, 1974, and amended on September 16, 1974, and March 14, 1975, on behalf of

himself and on behalf of the class of all inmates of Mt. Meigs confined in segregation presently or who will be so confined in the future as per Rule 23, Federal Rules of Civil Procedure, in which he alleges the violation of rights under the Eighth and Fourteenth Amendments and brings this civil action as authorized by 42 U.S.C. § 1983.

The Court is required by Rule 23(c)(1), Federal Rules of Civil Procedure, to determine as soon as practicable whether an action is to be maintained as a class action in accordance with Rule 23, which determination the Court is free to make under its own motion.[1] To aid the Court in this determination, the Court has at its disposal the complaints and amended complaints of the named Plaintiff, Dan Johnson (of which two, the original September 6, 1974 complaint and the amended complaint of September 16, 1974, both pro se, have been sworn), and affidavits submitted on the named Plaintiff's behalf in opposition to the Defendants' motions for summary judgment. Although it has been asserted that the determination of maintainability usually should be predicated on more information than the complaint affords [see 7A, *Federal Practice & Procedure,* Wright & Miller ed. (1972), § 1785, p. 131; *Baxter v. Savannah Sugar Ref. Corp.,* 46 F.R.D. 56 (D.C.Ga., 1968)] maintainability at times may be determined solely on the basis of pleadings [see *Huff v. N. D. Cass Co. of Alabama,* 485 F.2d 710 (C.A. 5th 1973); *Gosa v. Securities Inv. Co.,* 449 F.2d 1330 (C.A. 5th 1971)]. In the instant case, the Court has before it more than a barebones complaint; it has sworn pleadings and affidavtis setting forth the facts in the case which the named Plaintiff hopes will persuade the Court to reject the Defendants' motions for summary judgment. It also has considered Defend-

ants' affidavits to the contrary. Such evidence constitutes a sufficient basis for a court to decide upon maintainability. Thus, any necessity for a preliminary evidentiary hearing is not present in this case as it may be in some others [e. g., *Cruz v. Estelle,* 497 F.2d 496 (C.A. 5th 1974)].

Consideration of the Defendants' motions for summary judgment will be afforded after the parties have an opportunity to consider the Court's determination of the class action in this case.

The complaint, as amended, filed in this case recites specific alleged incidents of intimidation and harassment which the named Plaintiff claims violate his rights under the Eighth and Fourteenth Amendments and for which he seeks damages and injunctive relief under 42 U.S.C. § 1983. These specific alleged incidents include (1) an assault on the named Plaintiff, Dan Johnson, by a correctional officer; (2) harassment by other correctional officers' discussing the possibility of another attack on the Plaintiff within his hearing; (3) harassment by a prison official's intimidating Plaintiff to instigate an excuse to put the Plaintiff in punitive isolation; (4) the putting of the named Plaintiff in punitive isolation while too weak to bear its rigors (he was allegedly in convalescence from serious surgery); (5) the allegedly excessive imposition of 21 days in punitive isolation and other punishment against the named Plaintiff; (6) the refusal by correctional officers to aid the Plaintiff receive his food tray so that he could eat, or to provide the Plaintiff with wheelchair transportation to the medical unit so that he could have the dressing of his wound changed while he was ill; and (7) the denial to the named Plaintiff of a shower during 21 days of punitive isolation.

1. See *Johnson v. City of Baton Rouge,* 50 F.R.D. 295 (D.C.La.1970). See also *Stebbins v. Nationwide Mutual Ins. Co.,* 469 F. 2d 268 (C.A. 4th 1972), cert. den., 410 U.S. 939, 93 S.Ct. 1403, 35 L.Ed.2d 606 (1973).

It is noteworthy that all of the incidents enumerated in the complaint, as amended, and Plaintiff's affidavits submitted in response to Defendants' motions for summary judgment involve only the named Plaintiff and no other inmate at the Mt. Meigs Medical & Diagnostic Center. The only mention of problems of inmates other than the named Plaintiff is through a bare-bones allegation by the named Plaintiff to that effect. There is no allegation of set policies at Mt. Meigs to abuse or harass inmates, nor are facts set forth tending to establish the same. In short, based on the named Plaintiff's complaint, as amended, and sworn papers, there is no evidence before the Court whatsoever that the alleged experiences were suffered by any other inmate at any time. Not only is there no evidence of others who have suffered similarly as the named Plaintiff, there is no factual basis shown upon which to predict that in the future there might be such suffering by others.

A class action may be maintained if the requirements of Rule 23(a) and 23(b), Federal Rules of Civil Procedure, are met. Rule 23(a) states as follows:

"(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

It appears that the named Plaintiff has stated a proper class, to-wit: "all inmates of Mt. Meigs confined in segregation" and "all persons who in the future will be committed to the custody of the Defendants for incarceration in segregation at Mt. Meigs." This Court, although it does not know the exact number of persons incarcerated in segregation at Mt. Meigs at any given time, takes notice of the fact that the number, present and future, could total in the hundreds. Thus, it appears that the requirement of numerosity for a class action under Rule 23(a)(1) is satisfied.

However, the requirement of Rule 23(a)(2) that there are questions of law or fact common to all members of the class appears not to be satisfied (see generally, 3B *Moore's Federal Practice,* 2nd Ed., ¶ 23.06–1). As hereinabove mentioned, the alleged facts and supporting papers show injury to only one inmate at Mt. Meigs. If the named Plaintiff was the only one who suffered injury, then suffering such injury could hardly constitute a fact common to all members of the class. For the same reason, the requirement of Rule 23(a)(3) that the claims or defenses of the representative parties are typical of the claims or defenses of the class also appears not to be satisfied (see generally, 3B *Moore's Federal Practice,* 2nd Ed., ¶ 23.06–2). It also follows that the requirement of Rule 23(a)(4) that the representative will fairly and adequately protect the interests of the class is not satisfied [see generally, 3B *Moore's Federal Practice,* 2nd Ed., ¶ 23.07(1), (2)]. This requirement means that the interest of the named representative be coextensive with the interest of the other members of the class. See *Dolgow v. Anderson,* 43 F.R.D. 472 (E.D.N.Y.1968). Since only the named Plaintiff out of the class in suit appears to have been injured, it appears that the interests of the named Plaintiff as the representative of the class and the interests of the class per se are not coextensive. See *Harrigan v. Pounds,* 239 App.Div. 1, 265 N.Y.S. 676 (1933). In any event, even if other members of the class per se had undergone injury, since there is no evidence of a campaign

or policy on the part of prison officials to injure the inmates in segregation, it would appear that such injury would be too personal and individual to permit unitary adjudication. See *California v. Rank*, 293 F.2d 340 at 348 (C.A. 9th 1961).[2] Also, it appears that the interest of the named Plaintiff will not be coextensive with the class in representing inmates of Mt. Meigs placed in segregation after the named Plaintiff has been released from the Alabama prison system since the named Plaintiff will have no palpable chance of being reintroduced to the conditions of punitive segregation at that point. The named Plaintiff could not hope to conscientiously represent the subclass of inmates who are placed in segregation after his release from prison. See *Dolgow v. Anderson*, supra, at 492.[3] Additionally, where the named Plaintiff has brought a suit in forma pauperis, as in this case, problems of impracticality arise in determining whether he can adequately represent the paying members of the class.

 It is unnecessary that the Court consider additional problems posed by the requirements of Rule 23(b). The requirements of Rule 23 having not been fulfilled, the class action aspect of the suit should be dismissed. Accordingly, it is the

Order, judgment and decree of this Court that the pleadings in this case be amended to eliminate all reference to all Plaintiffs other than the Plaintiff, Dan Johnson, as required by Rule 23(d)(4), Federal Rules of Civil Procedure, and that the class action aspects of this suit be, and the same are hereby, dismissed.

---

2. In that case it was held that a class action could not be maintained on behalf of landowners claiming appropriative and prescriptive rights, because these rights of the members of the class were too personal and individual to permit unitary adjudication.

3. In that case it was held that a stockholder, who brought a class action charging stock price manipulation by insiders, was not a proper representative for stockholders who purchased before him nor for those who purchased after the representative sold his stock.