Charles B. PERRY, Janice L. Perry, Leon S. Eberhard, Gladys M. Eberhard, Bette G. Lee, Patricia L. Moore and Agnes W. Yozzo, on behalf of themselves and all other depositors, owners of trust funds, and creditors of Guaranty Trust Company, Appellees,

v.

J. R. MEEK, Josephine E. Meek, and Maxwell E. Meek et al., Appellants.

No. 53708.

Supreme Court of Oklahoma.

Oct. 14, 1980.

As Corrected Oct. 22, 1980.

Harry A. Woods, Jr., of Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, a Professional Corp., Oklahoma City, for appellants J. R. Meek and Josephine E. Meek.

William H. Hinkle, Gary M. McDonald of Doerner, Stuart, Saunders, Daniel & Anderson, Tulsa, for appellant Maxwell E. Meek.

Burck Bailey, Warren F. Bickford, IV, Fellers, Snider, Blankenship, Bailey & Tippens, Oklahoma City, Armstrong, Burns, Baumert, Maddox & Cummings, Ponca City, for appellees.

HARGRAVE, Justice.

This proceeding is an appeal from an interlocutory order certifying an action to be properly brought as a class action; such order being appealable under the provisions of 12 O.S.Supp.1979 § 993(a)(6), effective July 1, 1978.

The precise issue dispositive of the contentions raised by the two appellants, Maxwell Meek and J. R. and Josephine Meek, in the respective petitions in error is: Did the District Court of Kay County, the Honorable Lowell Doggett presiding, commit reversible error by certifying the action as properly brought as a class action by examination of the pleadings rather than making such determination after an evidentiary hearing under the provisions of the recently enacted class action statutes (effective July 1, 1978), 12 O.S.Supp.1979 §§ 13–18?

The certification of an action as properly brought as a class action is controlled by 12 O.S.Supp.1979 § 14. The provisions of § 14, set out verbatim, are as follows:

ORDER OF CERTIFICATION OR MAINTENANCE–MATTERS TO BE CONSIDERED.

As soon as practicable after the time to serve a responsive pleading has expired for all persons named as defendants in an action brought as a class action, the party who seeks to establish the class shall move for an order to determine whether it is to be certified and so maintained. An order under this section may be conditional, and may be altered or amended before the decision on the merits on the court's own motion or on motion of the parties. The action may be maintained as a class action only if the court finds

that the prerequisites under Section 1 of this act have been satisfied. The court shall consider, but shall not be limited to, the following matters in determining whether the action may proceed as a class action:

1. The interest of members of the class in individually controlling the prosecution or defense of separate actions;

2. The impracticability or inefficiency of prosecuting or defending separate actions;

3. The extent and nature of any litigation concerning the controversy already commenced by or against members of the class;

4. The desirability or undesirability of concentrating the litigation of the claim in the particular forum; and

5. The difficulties which might be encountered in the management of a class action.

This litigation was commenced by Charles B. and Janice L. Perry, Leon S. and Gladys M. Eberhard, Bette G. Lee, Patricia L. Moore and Agnes W. Yozzo on behalf of themselves and all other depositors, owners of trust funds, and creditors of Guaranty Trust Company, and was filed in February of 1979. These plaintiffs sought to represent a class of some 800 fellow depositors.

Guaranty Trust Company of Ponca City is a state chartered trust company operating under authority granted by the Oklahoma Banking Department. Guaranty accepted funds for deposit in interest bearing passbook accounts and trust certificates of deposit. These deposits were not insured from loss by any public or private agency. On December 31, 1978 Guaranty Trust filed a Chapter XI bankruptcy petition in the United States District Court, Western District of Oklahoma. Later examination of the financial records of Guaranty indicated that its liabilities exceeded its assets by some three million dollars. There were about 800 depositors. The seven named plaintiffs were depositors in Guaranty and seek recovery on behalf of themselves and all similarly situated depositors of the lost portion of their deposits. The appellants were directors of Guaranty.

The original petition contains allegations of four causes of action against the defendants, the first allegation being that defendants allowed Guaranty to commit and participated with Guaranty in the commission of numerous violations of the Oklahoma Banking Code of 1965, 6 O.S.1971 § 101, *et seq.* Those violations include: 1. Commingling of trust accounts and depositors' funds and failure to keep separate books and records on trust accounts. 2. Loans and advancements of funds to officers and directors. 3. Advancement of funds to pay personal expenses of officers. 4. Carrying assets on the books of the company at valuations higher than actual cost to the company. 5. Issuing evidences of indebtedness in amounts exceeding ten times capital and surplus. 6. Failure to adopt and maintain a written internal control program. 7. Failure of the directors to submit timely periodical reports to the Oklahoma Banking Commissioner; in addition to other violations of the Oklahoma Banking Code.

The second cause of action alleges violation of statutory and common law duties owed depositors and creditors by trustees and fiduciaries as well as alleging failure to exercise even ordinary care in management, conduct and direction of the business affairs of Guaranty. Factual instances of these failures are set out in the petition.

The third cause of action seeks redress for violations of the Oklahoma Securities Act, 71 O.S. § 1, *et seq.*, and pleads specific instances of such violations. The fourth and last cause of action relates to the failure of Maxwell E. Meek to fulfill the duties owed by virtue of his status as trustee and fiduciary to plaintiffs. These failures include borrowing funds without interest and utilizing depositors' funds to pay personal expenses, circulating false financial information relative to the company, and others.

Plaintiffs' petition, filed February 5, 1979, was answerable in March of that year. The defendants sought and received an extension of time to plead or answer, setting back the answer date to May 7, 1979. That

order specified the extension would not affect the time within which the plaintiffs may seek certification of the plaintiff class. Thereafter the motion seeking certification was filed and hearing set for May 11, 1979. About two weeks after the certification motion was filed the defendants moved the court stay all matters except discovery, briefing, and a hearing on the class certification. This motion was made four days before the date then fixed for defendants to answer, stating therein they suggested a hearing date in August, three months away. This motion to stay was set for hearing the same day as the motion to certify.

Plaintiffs state in their answer brief that at the hearing on the motion to stay they advised the trial court that the class to be certified was restricted to depositors, thereby eliminating claims of general creditors and purchasers of Guaranty's securities. The class then offered for certification was composed of owners of passbook savings accounts and certificates of deposit. The defendants' reply brief relies upon that statement and the journal entry certifying the class also bears out that statement of the posture of the case upon appeal, although there exists no transcript of the entire certification hearing and no narrative statement [1] supplementing the partial transcript.

The trial court's ruling on the certification issue contains a brief synopsis of the posture of the action and follows with the first conclusion of law which forms the nexus of this interlocutory appeal.

The Court first heard the Meeks' Motion to Stay. The Court determined that resolution of the class issue should be made on the basis of allegations and that there was no requirement that the findings required by 12 O.S.Supp.1978 § 13–14 be based upon probative evidence. Accordingly, the Court concluded that no need existed for discovery on the class issues, for an evidentiary hearing or for briefing. The court announced that the Meeks' Motion to Stay was overruled.

The order of certification styled Journal Entry then notes that at the certification hearing the plaintiffs amended their petition by limiting the class of plaintiffs to owners of passbook accounts or trust certificates of deposit, specifically denying representation of general creditors, trade creditors and stockholders. The order states it is based upon that oral amendment of the plaintiffs' action. The next finding is the numerosity requirement necessitated by 12 O.S.Supp.1979 § 13 A.1., that the class is so numerous that a joinder of all members whether otherwise required or permitted is impracticable.

That finding, from the face of the order, is the result of judicial notice of the fact of numerosity. The partial transcript does not contain plaintiffs' first request to judicially notice that fact, and a fair reading of the transcript leads to the conclusion that not all of counsels' colloquy related to the propriety of taking judicial notice of that fact. Notice of the ultimate fact of numerosity encompasses knowledge of the number of parties necessary to meet numerosity requirements of 12 O.S.Supp.1979 § 13 A.1., as well as a determination of requisite number's existence. Oklahoma's Evidence Code, 12 O.S.Supp.1979 § 2202 provides statutory guidelines for judicial notice of adjudicative facts. It appears that some items of general local knowledge are susceptible to judicial notice under § 2202 B.1., stating that:

> B. A judicially noticed fact shall not be subject to reasonable dispute. It shall be either:
>
> 1. Generally known within the territorial jurisdiction of the trial court; or ...

■ The propriety of judicial notice of the fact under consideration here is not properly before this court. Both appellants raised this finding established in this manner as error in their petition in error, and both parties did not address that issue in their briefs. The notice so taken appears to come within the ambit of the last quoted statutory authority and could be a fact generally known within the territorial jurisdic-

1. As provided for in the Rules of Civil Appellate Procedure, Rule 1.22.

tion of the trial court, which is Kay County. The absence of argument and authorities on a point of error preserved by a petition in error is deemed abandonment of that point. *Christie–Stewart, Inc. v. Paschall,* 544 P.2d 505 (Okl.1974), *Cert. Den.* 426 U.S. 935, 96 S.Ct. 2648, 49 L.Ed.2d 386; *Sooner Drainboard Co. v. Deaton,* 512 P.2d 1185 (Okl. 1973); *St. Louis–San Francisco Ry. Co. v. Farrell,* 263 P.2d 518 (Okl.1953).

Continuing a review of the order certifying the class, the trial judge stated that based upon the allegations in the petition and argument of counsel, not judicially noticed facts or evidence, the court found that questions of law or fact were common to all members of the class and those common questions predominated over questions affecting individual members. The certified class of depositors, including passbook savings account holders and certificate of deposit holders, (pleaded to be approximately 800 in number,) rely upon 6 O.S.1971 § 712 A to establish liability upon the defendants. That statute provides:

A. Liability for violation of bank and trust laws–Any director, officer or other person who shall participate in any violation of the laws of this state, relative to banks and banking and trust companies, shall be liable for all damages which the corporation, its stockholders, depositors, creditors or owners of trust funds shall sustain in consequence of such violation, and the directors of any bank shall be individually liable for any loan made in excess of the amounts prescribed in Article VIII of this Code and shall be required to eliminate the same from the assets of the bank upon the request of the Commissioner.

The action may be maintained as a class action only if the court finds all the requirements of 12 O.S.Supp.1979 § 13 exist in an action sought to be prosecuted as a class action. 12 O.S.Supp.1979 § 14. A cause of action brought under 6 O.S.1971 § 712 A, such as that before us now, satisfies the second of the five requisites of 12 O.S.Supp. 1979 § 13 providing that questions of law or fact common to the class which predominate over questions affecting only individuals. The order of certification states in substance that the trial court found the predominance of common questions of law or fact to supersede individual considerations from the pleadings and argument of counsel. The posture of the case after oral amendment of the petition to strike all claims save those of depositors to recover under 6 O.S.1971 § 712 A axiomatically renders the question of violation of that single statute common to the class. By limiting recovery in this action to a single statute the class, by definition, is involved in common questions of law. Our review of the right of action created under § 712 A, *supra,* leads to the conclusion that the factual proof of violations mentioned in that section are also common to the class. Each violation of law reduced the fund of monetary resources out of which the depositors' claims could be satisfied. Proof of each will inure to the benefit of the class by increasing the total personal liability of the defendants, thereby increasing the judgment out of which the individual claims may be satisfied. Once a judgment (if any) is ascertained there remains the question of individual damages. Proof of loss of each individual in the class is not a common question. That fact does not overshadow the common questions presented inasmuch as proof of individual loss to certificate of deposit and passbook account holders is readily ascertainable. The fact that judgment, if any, to individual members of the class will differ in amount is frequently held not to defeat a right to class relief in Federal courts. *Eisen v. Carlisle & Jacquelin,* 391 F.2d 555 (S.D.N.Y.1968), on remand 50 F.R.D. 471 (S.D.N.Y.1970), and 52 F.R.D. 253 (1971), reversed on other grounds, 479 F.2d 1005 (2d Cir. 1973), vacated on other grounds, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974); *P. W. Husserl, Inc. v. Simplicity Pattern Co.,* 25 F.R.D. 264 (S.D. N.Y.1960); *Canuel v. Oskoian,* 23 F.R.D. 307 (D.R.I.), Aff., 269 F.2d 311 (1st Cir. 1959); *Kronenberg v. Hotel Governor Clinton, Inc.,* 41 F.R.D. 42 (S.D.N.Y.1966); *Shivelhood v. Davis,* 336 F.Supp. 1111 (D.Vt.1971); *Bailey v. Sabine River Authority, State of La.,* 54

F.R.D. 42 (D.La.1971); *Oppenheimer v. F. J. Young & Co.,* S.D.N.Y., 144 F.2d 387 (2d Cir. 1944). Similarly various state courts have stated that the fact that members of the class will be called upon to establish individual accountings of the amount of their damages shall not of itself defeat a class action. *Gilman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 404 N.Y.S.2d 258, 93 Misc.2d 941 (1978); *Williams v. State,* 350 So.2d 131 (La.1977); *Barliant v. Follett Corp.,* 23 Ill.Dec. 522, 384 N.E.2d 316, 74 Ill.2d 226 (1978); *Johnson v. Travelers Ins. Co.,* 515 P.2d 68, 89 Nev. 467 (1973); *Miles v. N. J. Motors,* 291 N.E.2d 758, 32 Ohio. App.2d 350 (1972); *Daar v. Yellow Cab Co.,* 67 Cal.2d 695, 63 Cal.Rptr. 724, 433 P.2d 732 (1967).

■ The third consideration listed, 12 O.S.Supp.1979 § 13 A, for determination of maintainability of a class action is the typicality of the class claim or defense. The order of certification finds that the named parties' status as depositors, either passbook account or certificate of deposit holders, establishes the typicality of the claims as asserted. After oral amendment striking from the action all other claims save those above described the claims are by definition similar. Each depositor has under this pleading the exact claim as those others in the class, differing only as to whether the claim arose from a lost passbook deposit or certificate. The pleading does not disclose dissimilarity, and if differing interests exist they remain undisclosed at present. If the facts revealed at a later stage in the proceeding disclose this not to be the case, the parties or the court on its own motion may modify the certification. 12 O.S.Supp.1979 § 14.

The gross similarity in provisions and tenor of the Oklahoma class action statutes and the Federal Rules of Civil Procedure Rule 23 justify the approval of this Court's past statement that Oklahoma's class action statutes are similar to the Federal rules providing for class actions. In *State v. Board of County Commissioners of Creek County,* 188 Okl. 184, 107 P.2d 542, at 552 (1940), it was said that the old Federal Rule 23 was similar to 12 O.S.1931 § 233. Rule 23 has since been amended and Oklahoma has added 12 O.S.Supp.1979 §§ 13–18; these two later precepts are congruent enough to justify utilization of federal authority in a discussion of the proper application of the Oklahoma class action statutes. The large body of authority which has grown around federal class actions is quite useful in determining the advantageous application of class action theory into practice.

■ The last two requirements found in 12 O.S.Supp.1979 § 13 A for a proper class action require that the court find the representative parties will adequately and fairly protect class interests and in addition the class status is superior to other methods for fair and efficient adjudication of the controversy. Appellant contended in the trial court that this method of adjudication in State Court is not superior to an action brought by a trustee in bankruptcy in Federal Court. The trial court held otherwise. Such a decision is supported by several considerations. First, the State forum is invoked to vindicate a State statutory remedy under 6 O.S. § 712 A. Second, the State action was the only ongoing litigation for approximately three months, or until less than a week prior to the hearing on the certification issue. Third, this class action is a superior method of obtaining relief as viewed by the interests of the plaintiff class inasmuch as a recovery in this action inures entirely to the benefit of the class. A recovery in the trustee in bankruptcy's Federal action would not inure solely to the benefit of this plaintiff class but would be distributed to various creditors, both secured and unsecured. It thus appears the trial judge's determination is not without substantial support, and thus cannot be held to be an abuse of discretion. The gist of the rulings on standards of review to be used under Federal Rule 23 certifications is that in order for a certification as a class to stand, all of the four numbered prerequisites to a class action found in Rule 23(a) must be present; thereafter a Rule 23(c)(1) determination rests largely in the discretion of the trial court. *Clark v. Watchie,* 513

F.2d 994 (9th Cir.), *Cert. Den.* 423 U.S. 841, 96 S.Ct. 72, 46 L.Ed.2d 60 (1975); *Freeman v. Motor Convoy, Inc.*, 68 F.R.D. 196 (D.C. Ga.1974). That discretion is to be exercised within the parameters of the rule, and if the decision is within those parameters that discretionary determination should stand. *Boggs v. Alto Trailer Sales, Inc.*, 511 F.2d 114 (5th Cir. 1975).

The Federal Rule 23(a) class action prerequisites closely track the class action prerequisites given in 12 O.S.Supp.1979 § 13. Insofar as the issues under consideration arise from provisions of 12 O.S.Supp. 1979 §§ 13–18, which are actually similar to the provisions of Federal Rule of Civil Procedure 23, the federal case law on those points is instructive persuasive authority in this forum. 12 O.S.Supp.1979 § 14 provides that a class certification is conditional and can be altered or amended at any time before the decision on the merits on motion of the parties or by the court itself absent such motion. This provision underscores the fact that certification is a preliminary step in the larger context of class action litigation and care should be taken to assure that such a determination remains subservient to the larger context of the merits of the action as it progresses. Federal Rule 23(c) also provides certification orders may be conditional. It has been said that the Federal Rule 23(c)(1) determination was designed to be merely a threshold measure designed to give clear definition to the action. *Advisory Committee on Proposed Amendments to the Federal Rules of Civil Procedure*, 39 F.R.D. 73, 104 (1966). The pragmatically correct action, in the face of a close question as to certification, has been said to sustain certification because if it develops later during the course of the trial that the order is ill–advised, the order is always (prior to judgment on the merits,) subject to modification. *Esplin v. Hirschi*, 402 F.2d 94 (10th Cir. 1968), *Cert. Den.* 394 U.S. 928, 89 S.Ct. 1194, 22 L.Ed.2d 459 (1969). If the ruling is made denying certification there is much less chance that facts will be forthcoming from the trial of the individual claims to demonstrate the erroneous nature of the class denial, however.

Other courts and authorities have pointed to considerations which affirm the desirability of an early determination of the class certification issue by pointing to problems arising from protracting the certification decision. The more discovery allowed and the more facts introduced at the certification hearing, the more that hearing takes on the character of a mini–trial, and a negative determination arising from that proceeding then amounts to a denial of a right to a jury trial. *Guarantee Ins. Agency Co. v. Mid–Continental Realty Corp.*, 57 F.R.D. 555 (N.D.Ill.1972); *Mersay v. First Republic Corp. of America*, 43 F.R.D. 465 (S.D.N.Y.1968). Predetermination cases are frequently criticised because action taken at that juncture subverts the decisional standards applicable to achieve the same results which are set forth in motions to dismiss and motions for summary judgment. *Miller v. Mackey Int'l., Inc.*, 452 F.2d 424 (5th Cir. 1971); *Guarantee Ins. Agency Co. v. Mid–Continental Realty Corp.*, 57 F.R.D. 555 (N.D.Ill.1972); *Sunrise Toyota, Ltd. v. Toyota Motor Co.*, 55 F.R.D. 519 (S.D.N.Y. 1972). In that vein, some courts have made the class determination solely on the basis of the pleadings, without discovery. *Zeigler v. Gibralter Life Ins. Co.*, 43 F.R.D. 169, 172 (D.S.D.1967); *Kronenberg v. Hotel Governor Clinton, Inc.*, 41 F.R.D. 42 (S.D.N.Y. 1966). Similarly, other courts have determined maintainability at an early stage of the proceedings in a summary manner. *Hyatt v. United Aircraft Corp.*, 50 F.R.D. 242 (D.Conn.1970); *Reinisch v. New York Stock Exchange*, 52 F.R.D. 561 (S.D.N.Y. 1971). Other courts have specifically disapproved of preliminary hearings prior to class determinations while allowing ongoing discovery. *Miller v. Mackey Int'l.*, supra; *Guarantee Ins. Agency Co. v. Mid–Continental Realty Corp.*, supra; *Sunrise Toyota, Ltd. v. Toyota Motor Co.*, supra; *Lamb v. United Security Life Co.*, 59 F.R.D. 25, 40 (S.D.Iowa 1972); *Wolfson v. Solomon*, 54 F.R.D. 584, 590 (S.D.N.Y.1972). The Second Circuit has stated in the often–discussed *Eisen* case that discovery utilized in connection with preliminary hearings on the certi-

fication issue is violative of Federal Rule 23's mandate that the class determination be made as soon as practicable. *Eisen v. Carlisle & Jacquelin,* 479 F.2d 1005 (2d Cir. 1973) *(history supra.)* 12 O.S.Supp.1979 § 14 contains the exact provision mandating speedy resolution of the certification issue, in order that the decision on the merits not be unduly protracted. In that vein, early determination of the class issue has been called for as a general rule. *Berman v. Narragansett Racing Ass'n., Inc.,* 48 F.R.D. 333 (D.R.I.1969). Other courts describe the proper time for determining the certification issue as the earliest pragmatically wise moment. *Philadelphia Elec. Co. v. Anaconda American Brass Co.,* 42 F.R.D. 324 (E.D. Pa.1967). Still other courts call simply for a prompt determination after filing of the action. *Sperberg v. Firestone Tire & Rubber Co.,* 61 F.R.D. 70 (N.D.Ohio 1973); *Wolfson v. Solomon, supra.*

█ The authorities collected here substantiate the propriety of an early determination of class status. These cases' authority foster the expedition of the class suit to judgment, recognizing the determination is by virtue of Rule 23 not final and subject to amendment prior to judgment, as is the case with 12 O.S.Supp.1979 § 14. Contrary authority exists, but requiring a full minitrial on the issue raises difficulties, as mentioned, in addition to being superfluous in the face of the interlocutory amendable nature of the order. The statutes should be applied to foster the flexibility necessary for the trial court to meet each action before it with a pragmatically correct decision based on application of the class action statutes to the individual case. An early determination of the existence of class status does little more than allow continuing trial preparation and discovery on the issue of class status to proceed simultaneously. The observation made in *Blackie v. Barrack,* 524 F.2d 891 (9th Cir. 1975), *Cert. Den.* 429 U.S. 816, 97 S.Ct. 57, 50 L.Ed.2d 75, is applicable to the instant proceeding. There the Court of Appeals stated that the trial authority properly certified a securities action as a class proceeding where the District Court analyzed the complaint's allegations and other material presented to determine the nature of the proof required to sustain those allegations, thereby determining as best as then possible the future course of the litigation, finding that the rule's requirements were met at the time, taking the complaint's substantive allegations as true.[2] The class order was then speculative in that plaintiff's proof of those allegations may fail at a later time.

█ Notwithstanding the affirmance of the class order here, it is to be observed that generally any determination of class status should be predicated on more information than the complaint contains. *Doctor v. Seaboard Coast Line R. R. Co.,* 540 F.2d 699 (4th Cir. 1976); *Huff v. N. D. Cass Co.,* 485 F.2d 710 (5th Cir. 1973). Maintainability can at times be determined solely on the basis of pleadings. *Johnson v. Long,* 67 F.R.D. 416 (N.D.Ala.1975). In any case, the class determination is one which should be made by the court in a practical and realistic manner based upon an understanding of what actually is involved in the litigation, and no mechanical formula exists which can be applied to all cases to make that finding. *Gneiting v. Taggares,* 62 F.R.D. 405 (D.Idaho 1973).

As discussed, the requisites of 12 O.S. Supp.1979 § 13 A are apparently present at this juncture of the action at the bar. It may well be that the subsequent proceedings will disclose such not to be the case and if that possibility comes to fruition, the order may be amended or modified by the court pursuant to request, or upon its own motion. There presently exists no reversible error in the trial court's certification, and that interlocutory order is accordingly AFFIRMED.

All Justices concur.

---

2. *Id.* at 900–01.