Carlton JOHNSON by Sharon JOHNSON, as his next friend; et al., Plaintiffs,

v.

Richard H. GROSS, M.D., in his individual capacity, et al., Defendants.

No. CIV–85–2434–A.

United States District Court, W.D. Oklahoma.

April 4, 1989.

**170**

Robert A. Fairbanks, Lampkin, McCaffrey & Tawwater, Oklahoma City, Okl., James Bopp, Jr., Thomas J. Marzen, Thomas J. Balch, Nat. Legal Center for the Medically Dependent & Disabled, Inc., Indianapolis, Ind., Christopher Hansen, Childrens' Rights Project, American Civ. Liberties Union, New York City, John W. Whitehead, Kevin Ikenberry, The Rutherford Institute, Manassas, Va., John A. Edisome, O.W. Coburn School of Law, Tulsa, Okl., Ronald W. Horgan, Donald A. McKinney, Oklahoma City, Okl., Martin H. Gerry, Washington, D.C., for plaintiffs.

Cynthia L. Sparling, George F. Short, John Wiggins, Robert C. Margo, Charles Lee Waters, General Counsel, Roger Stuart, Richard Freeman, and Fritz Aurin, Asst. Gen. Counsel, Dept. of Human Services, Oklahoma City, Okl., for defendants.

### ORDER

ALLEY, District Judge.

Before the Court in this matter is plaintiffs' application for class certification pursuant to Fed.R.Civ.P. 23, to which defendants have responded.

This is a 42 U.S.C. § 1983 civil rights action brought by a former patient and the personal representatives of deceased former patients at Oklahoma Children's Memorial Hospital (OCMH). Plaintiffs' Complaint alleges that defendants, medical service providers and administrators at the hospital, and others, discriminate against infants born with myelomeningocele by basing treatment decisions on non-medical social and economic criteria, such as the family's economic and intellectual resources, geographical location of their home, and the child's projected intellectual capacity. These criteria were allegedly used in determining whether to recommend such infants for "vigorous treatment," including corrective and other beneficial medical treatment, or for "supportive care" without medical treatment until death occurred. Plaintiffs allege that the use of such criteria constituted discrimination in violation of their substantive and procedural due process rights and rights to equal protection under the Fourteenth Amendment. Plaintiffs seek declaratory and injunctive relief as well as monetary damages.

■ Under Fed.R.Civ.P. 23, a class may be certified only if each of the four prerequisites of Rule 23(a) are satisfied, and, in addition, at least one of the subparagraphs of Rule 23(b) is satisfied. Plaintiffs seek certification under either (b)(1)(A) or (b)(2) of Rule 23.

Rule 23(a)(1), the "numerosity" requirement, requires that the class be "so numerous that joinder of all members is impracticable." The proposed plaintiff class includes all children with myelomeningocele who have been, are, or may in the future be evaluated or treated by the myelomeningocele team or its members at OCMH and their parents and legal guardians. Between 1977 and February, 1989, approximately 150 infants with myelomeningocele were presented at OCMH and evaluated by the myelomeningocele team or its members there. However, discovery to date has revealed only 28 of those 150 who were not given vigorous treatment. Only those children who were denied vigorous treatment, not those who received it, could have suffered an injury in fact and would thus have standing to complain of discrimination.

*Association of Data Processing Service Organizations v. Camp,* 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970); *Valley Forge Christian Church v. Americans United for Separation of Church and State,* 454 U.S. 464, 102 S.Ct. 752, 759–760, 70 L.Ed.2d 700 (1982). Each class member must have standing to bring the suit in his own right. *McElhaney v. Eli Lilly & Co.,* 93 F.R.D. 875, 878 (D.S.D.1982). Therefore, only the 28 children who were denied vigorous treatment, not the entire group of those with myelomeningocele, qualify as potential class members with respect to defendants' past conduct.

The class size could exceed 28 members only if the alleged discrimination is continuing, and infants presenting at OCMH with myelomeningocele continue to be denied vigorous treatment. However, undisputed evidence submitted by defendants reveals that all newborns under defendants' care since 1984, except one for whom surgical treatment would have been futile, have received aggressive treatment. This strongly suggests that any unlawful discrimination practiced by defendants has long since ceased, and that there will be no additional potential class members, other than the 28 already identified.

Plaintiffs have made no showing that joinder of these 28 individuals, or the personal representatives of those deceased, would be impracticable. Indeed, more than that number of defendants have been joined in this very action. Potential classes of much larger numbers have been denied class certification for failure to satisfy Rule 23(a)(1). *See, e.g., In re: Wheat Farmers Antitrust Class Action Litigation,* No. 129 (J.P.M.D.L. June 25, 1979), *aff'd. sub nom. Zinser v. Continental Grain Co.,* 660 F.2d 754 (10th Cir.1981) (approximately 366 class members located in three states); *Bennett v. United States,* 266 F.Supp. 627, 629 (W.D.Okla.1965) (potential class of "all residents and property owners in metropolitan Oklahoma City" held to be "not so numerous as to require a class action"). The Court finds that it would not be impracticable to join all potential class members as plaintiffs in this action, and therefore the requirement of Rule 23(a)(1) is not satisfied.

In addition, a class action in this case is not maintainable under either subpart of Rule 23(b) proposed by plaintiffs. Rule 23(b)(1)(A) permits class certification where separate actions by individual members of the class would pose a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for the party opposing the class. Plaintiffs argue hypothetically that multiple suits brought by different plaintiffs could result in different and conflicting standards of future conduct being imposed on defendants. However, this is highly unlikely, in view of current explicit statutory standards imposed on defendants relating to treatment or nontreatment of infants with severe birth defects. *See* 42 U.S.C. § 5101(b)(3), § 5103(b); 45 C.F.R. § 1340.15. Defendants' future obligation with respect to treatment of newborns is already established; the only issue remaining is whether plaintiffs' constitutional rights have been violated in the past.

■ Plaintiffs alternatively seek class certification under Rule 23(b)(2), which permits certification where "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Plaintiffs argue that the OCMH myelomeningocele team and its members engaged in unlawful discrimination generally applicable to an entire class, and that injunctive and declaratory relief is thus appropriate to discontinue defendants' discriminatory practices. However, a challenge to the constitutionality of policies, practices, and procedures of state officials and agencies does not necessarily warrant a class action. *Martinez v. Richardson,* 472 F.2d 1121, 1127 (10th Cir.1973). The Court finds applicable to this case the rationale set forth in *O'Connell v. Teacher's College,* 63 F.R. D. 638, 640 (S.D.N.Y.1974):

There is an additional reason for denying class action treatment on the claim for declaratory and injunctive relief. To the

extent that plaintiff's claim might properly have some general significance to other employees or potential employees of the college, the precedential effect of the decision on plaintiffs' claim will carry all the general effect which is necessary. There is no need for involving the class action machinery. *Id.* at 640.

In this case, as in *O'Connell,* defendants' policies and practices can be determined to be lawful or not without the necessity of a class action.

In addition, Rule 23(b)(2) requires that injunctive or declaratory relief be appropriate in order for a class action to be maintainable. As previously seen, there is a total lack of evidence that defendants have engaged in any selective treatment of infants with myelomeningocele since 1984, or that they are now doing so. Therefore, injunctive relief does not appear to be appropriate in this case.

The party seeking class certification bears the burden of proof that the requirements of Fed.R.Civ.P. 23 are satisfied. *Rex v. Owens ex rel. State of Oklahoma,* 585 F.2d 432, 436 (10th Cir.1978). Indeed, a "strict burden of proof" is imposed in this Circuit. *Reed v. Bowen,* 849 F.2d 1307, 1309 (10th Cir.1988). For the above stated reasons, the Court finds that plaintiffs have failed to carry that burden. Therefore, plaintiffs' application for class certification is hereby DENIED.

It is so ordered.