**FIRST LIFE ASSURANCE COMPANY, Appellant,**

v.

**Stephen Wesley MOUNTAIN, Appellee,**

**and**

**American First Corporation, Board of County Commissioners of Oklahoma County, Oklahoma, and Joe B. Barnes, Treasurer of Oklahoma County, Oklahoma, Defendants.**

**No. 78938.**

Court of Appeals of Oklahoma,
Division No. 1.

Feb. 9, 1993.

**1178**

Gary A. Bryan and Rob F. Robertson, Mock, Schwabe, Waldo, Elder, Reeves & Bryant, Oklahoma City, for appellant.

Charles E. Wetsel, Wetsel & Beard, Oklahoma City, for appellee.

## MEMORANDUM OPINION

ADAMS, Presiding Judge:

Appellant First Life Assurance Company (FLAC) sued Appellee Stephen Wesley Mountain and the other defendants to foreclose a mortgage on a condominium in the planned unit development known as Stratford Place Condominiums. Mountain answered and counterclaimed, alleging, *inter alia,* FLAC was bound by a buy-back agreement between him and the original sellers of his condominium.

In addition, Mountain requested the trial court to certify his counterclaim as a class action under 12 O.S.1991 § 2023. Mountain sought to certify a class made up of persons who purchased condominiums in Stratford Place and entered into buy-back agreements. The trial court granted Mountain's request, and FLAC appeals.[1] FLAC claims the trial court abused its discretion in certifying Mountain's counterclaim as a class action because Mountain did not meet his burden of proof on one or more of the elements required for a class action.

Section 2023 has not been judicially construed since it replaced 12 O.S.1981 § 13 and § 14 in 1984. In construing § 13 and § 14 in *Shores v. First City Bank Corp.,* 689 P.2d 299 (Okla.1984), *Mattoon v. City of Norman,* 633 P.2d 735 (Okla.1981) and *Perry v. Meek,* 618 P.2d 934 (Okla.1980), the Oklahoma Supreme Court expressly recognized these class action provisions were similar to Rule 23, Federal Rules of Civil Procedure, and found federal decisions interpreting that rule instructive. Since 1984, both Rule 23(a) and § 2023(A) have listed four threshold requirements for class actions, and, more importantly, since that time they have had identical wording. *Shores, Mattoon* and *Perry* still apply, and federal interpretations of Rule 23 are persuasive.

■ A party seeking certification of a class action has the burden of satisfying all four requirements of § 2023(A) and one of

---

1. Though certification of the class is an interlocutory order, 12 O.S.1991 § 993(A)(6) specifically authorizes such an appeal.

the criteria listed in 12 O.S.1991 § 2023(B). *Johnson v. Gross,* 125 F.R.D. 169 (W.D.Okl.1989). The proposed class may be certified "only if" all four criteria in § 2023(A) are met plus one of the prerequisites under § 2023(B).

The first requirement for suing as a class is that the proposed class be "so numerous that joinder of all members is impracticable." 12 O.S.1991 § 2023(A)(1).[2] Class size alone is not solely determinative, and whether a class meets the numerosity requirement must be determined on the facts of each case. Further, "impracticable" as used in § 2023(A)(1) does not mean joinder is impossible, but there must be a showing that joinder entails extreme difficulty or inconvenience. *Shores v. First City Bank Corp.,* 689 P.2d at 302.

In his counterclaim, Mountain alleged it was impracticable to join all parties because the potential class numbers approximately 43 and the members of the class live both throughout Oklahoma and in other states. However, FLAC disputed Mountain's allegations about the number and geographic dispersal of potential class members by producing evidentiary material.

FLAC's uncontroverted evidence established that only 37 borrowers meet the two criteria for the class since only that number entered into buy back agreements. FLAC's evidence also reveals the potential members of the class are not as widely geographically disbursed as Mountain claims. According to the uncontroverted evidence, thirty-one of the potential class members occupy their condominiums or reside in the Oklahoma City metropolitan area. FLAC's evidence also indicates ten of the potential class members have restructured their loans and may have waived any rights under the buy-back agreements.

According to FLAC's evidence, four other borrowers did not timely deliver written notice of their desire to exercise their buy-back options and are arguably foreclosed from participation. Mountain did not present any evidence to rebut FLAC's allegations as to the number in the proposed class nor did he respond with any evidence that the proposed class was geographically dispersed.

Mountain also produced no evidence indicating it would be impracticable to join the class members in this action. To the contrary, according to an affidavit filed by Mountain's attorney, he already represents thirteen individuals qualifying for the class. FLAC also notes it is a party in lawsuits with five potential class members, including one person represented by Mountain's counsel. As the moving party, Mountain had the burden of coming forth with evidence to show it would be impracticable to join the class members. He did not do so.

Because Mountain did not carry his burden on this first essential element, we need not address FLAC's other challenges to the trial court's order. *Perry v. Meek,* 618 P.2d at 938. The trial court abused its discretion in certifying this class action because the record does not support the conclusion each prerequisite set forth in § 2023 is present. *Shores v. First City Bank Corp.,* 689 P.2d at 301. We reverse the order certifying the class denominated as Stratford Place Condominium Owners, and remand this matter to the trial court for further proceedings.

**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

GARRETT and JONES, JJ., concur.

---

2. Section 2023(A) also provides that representatives of a class must demonstrate:

  (2) There are questions of law or fact common to the class;

(3) The claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) The representative parties will fairly and adequately protect the interests of the class.