Lorene BUNCH, Patty Walker, and Ron Jones, d/b/a Handy Andy Janitorial Service, Inc., Appellees,

v.

KMART CORPORATION, a Michigan corporation, and Joseph E. Antonini, an individual, (specially appearing), Appellants.

No. 84243.

Court of Appeals of Oklahoma, Division No. 3.

Feb. 28, 1995.

Certiorari Denied June 8, 1995.

James Clinton Garland, Sr., James E. Frasier, Michael H. Freeman, Gary Brasel, Tulsa, and Michael B. Hyman, Michael J. Freed, Edith F. Canter, and Ellyn M. Lansing, Chicago, IL, for appellees.

Dirk M. Schenkkan, Pauline E. Calande, San Francisco, CA, and James P. McCann, and Jon E. Brightmire, Tulsa, for appellant KMART.

***OPINION***

HUNTER, Judge:

KMART appeals from the trial court's order certifying a class action in a lawsuit filed against it by the named Appellees. 12 O.S.Supp.1993 § 993(6). The lawsuit alleges that KMART's automotive divisions, in all 49 states where they exist, engaged in a course of fraudulent and/or negligent misrepresentation vis-a-vis their customers. The first named Appellee represents those who allege they were injured when KMART said it re-

placed a car part and charged the customer for the car part even though KMART did not replace the part. The second named Appellee represents all customers who allege KMART personnel informed them that they needed parts or service which they in fact did not need. The last named Appellee, a "fleet" customer from Texas, was added as a party through oral motion. The court found that he was overcharged and charged for unnecessary parts and service.

The trial court conducted a hearing to determine whether to grant class certification. It found that Appellees sought to represent all members of a national class who allege they were damaged as a result of Appellant's "common course of fraudulent and deceptive conduct related to the sale of automotive repairs and services through Kmart Automotive Repair Centers in Oklahoma and throughout the United States." The court then made specific findings of fact and conclusions of law as they relate to the statutory requirements for certification of a class action. 12 O.S.1991 § 2023. Because we find the court erred in one respect which requires reversal, we will not address each of Appellant's allegations of error[1].

## STANDARD OF REVIEW

■ The appellate court affirms the trial court's certification of a class action unless the party challenging the certification demonstrates that it was the result of an abuse of

discretion. *Shores v. First City Bank Corp.*, 689 P.2d 299, 300 (Okl.1984). The trial court abuses its discretion if the record fails to "support the conclusion that each of the five prerequisites[2]" are met. *Shores* at 301.

## FINDINGS ON REVIEW

The trial court erred in certifying a class because there are not questions of law or fact common to the class.

### Questions of Fact

■ The cause of action alleged in this lawsuit requires each litigant to prove his reliance on the misrepresentation before liability can attach. In *Tice v. Tice*, 672 P.2d 1168, 1171 (Okl.1983), the court stated:

Actionable fraud consists of a false material representation made as a positive assertion which is known either to be false, or made recklessly without knowledge of the truth, with the intention that it be acted upon, and which is relied upon by a party to his/her detriment. Fraud can be predicated upon a promise to do a thing in the future when the promisor's intent is otherwise. The basis of fraudulent misrepresentation is the creation of a false impression and damage sustained as a natural and probable consequence of the act charged. The fraudulent representation need not be the sole inducement which

1. For example, the court's finding that the second named Appellee could represent all class members who were allegedly informed that they needed parts or service is manifestly incorrect because the court found that although KMART allegedly told her that she needed new struts and shocks, she declined to take the advice. In essence, the court found she suffered no damage, a requisite element of the cause of action.

2. 12 O.S.1991 § 2023, in pertinent part: A. PREREQUISITES TO A CLASS ACTION. One or more members of a class may sue or be sued as representative parties on behalf of all only if:
 1. The class is so numerous that joinder of all members is impracticable;
 2. There are questions of law or fact common to the class;
 3. The claims or defenses of the representative parties are typical of the claims or defenses of the class; and
 4. The representative parties will fairly and adequately protect the interests of the class.

B. CLASS ACTIONS MAINTAINABLE. An action may be maintained as a class action if the prerequisites of subsection A of this section are satisfied and in addition:
 3. The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include:
 a. the interest of members of the class in individually controlling the prosecution or defense of separate actions,
 b. the extent and nature of any litigation concerning the controversy already commenced by or against members of the class,
 c. the desirability or undesirability of concentrating the litigation of the claims in the particular forum, and
 d. the difficulties likely to be encountered in the management of a class action.

causes a party to take the action from which the injury ensued. The key is that without the representation the party would not have acted. The liability for misrepresentation depends upon whether the person relying thereon was in fact deceived, not upon whether an ordinarily prudent person should have been misled. (citations omitted).

Appellees' position that the common facts are those relating to their assertions that KMART engaged in a systematic scheme of fraud fails to address the correct party. Appellees, as plaintiffs, must have facts in common sufficient to meet their initial burden of proof. This is not possible in common law fraud where a basic element of proof is "reliance" which must be proven for each plaintiff.

### Questions of Law

 The action at issue sounds in tort, pursuant to Oklahoma's common law. Our courts have held, however, that as a general principle, "the rights and liabilities of parties with respect to a particular issue in tort shall be determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties." *Brickner v. Gooden*, 525 P.2d 632, 637 (Okl.1974). We are satisfied that among the 49 states in which KMART has automotive divisions, significant differences exist in the substantive law of fraud. Because our class action statute is modelled on, but not identical to, the federal class action statute, Rule 23 of the Federal Rule of Civil Procedure, we may look to federal law for guidance in interpreting those parts which are the same. *Shores* at 301. Oklahoma's law closely parallels federal law in the first four requirements. In this case, we are addressing the second requirement, commonality of fact or law. In *Antonson v. Robertson*, 141 F.R.D. 501, 508 (1991), the United States District Court, D.Kansas, dismissed pendent state questions of fraud and misrepresentation from the federal securities fraud lawsuit, finding no common questions

of law predominating. It further stated, "[w]ith respect to plaintiff's common law fraud claims, in the absence of an analogous state law doctrine of fraud on the market, each individual plaintiff would be required to prove his or her individual reliance, causing individual questions of fact to predominate in the case.[3]"

We find the trial court's certification of the class was erroneous because there are neither common questions of fact, as they pertain to class members, nor of law to apply. We reverse the order certifying the class and remand the case to the trial court to proceed in a manner consistent with this opinion.

### REVERSED AND REMANDED.

GARRETT, C.J., and ADAMS, J., concur.

---

**3.** A "fraud on the market" theory, is most often found in securities cases. Plaintiffs are not required to prove reliance, but must show purchase of a security and a material misrepresentation about the security made by defendant which resulted in an artificial change in price. *Antonson* at 506.