2003 OK CIV APP 100

## John R. ROBERSON, David B. Magill, and Andrew O'Dwyer, Plaintiffs/Appellants,

### v.

## PAINEWEBBER, INC.; Painewebber Group, Inc.; Lehman Brothers, Inc.; Smith Barney, Inc.; Blythe Eastman Painewebber Servicing, Inc.; Fourth Street Associates; RMM Corporation; AJ Corporation; Greater Southwestern Funding Corporation; PHC Corporation; and Midtown Associates Limited Partnership, Defendants/Appellees.

### No. 97,278.

Court of Civil Appeals of Oklahoma, Division No. 3.

July 2, 2003.

Rehearing Denied Aug. 11, 2003.

C. Michael Barkley, Brad Smith, Elizabeth A. Ballard, Barkely, Titus, Hillis & Reynolds, PLLC, Tulsa, OK, and, Joel H. Bernstein, Esq., David J. Goldsmith, Esq., Goodkind Labaton Rudoff & Sucharow, LLP, New York, NY, and, Laurence L. Pinkerton, Judith A. Finn, Pinkerton & Finn, Tulsa, OK, for Plaintiffs/Appellants.

Andrew R. Turner, P. Scott Hathaway, Conner & Winters, Tulsa, OK, and, John T. Schmidt, Willcox & Savage, Norfolk, VA, for Defendants/Appellees UBS Financial Services, Inc., formerly UBS PaineWebber, Inc.; UBS Americas, Inc.; Greater Southwestern Funding Corporation.

Charles A. Gilman, George Wailand, Cahill, Gordon & Reindel, L.L.P. formerly Cahill, Gordon & Reindel, New York, NY, and, Reuben Davis, Scott R. Rowland, Boone, Smith, Davis, Hurst & Dickman, Tulsa, OK, for Defendants/Appellees UBS Financial Services, Inc., formerly known as UBS Paine-Webber, Inc. and UBS Americas, Inc.

Opinion by KENNETH L. BUETTNER, Judge.

¶1 Plaintiffs sought class certification to pursue their allegations of fraud in the marketing and sale of high-risk corporate bonds against Defendants. The trial court denied the application finding that Plaintiffs "failed to establish that the relevant questions of law or fact common to the members of the class predominate over any questions affecting any individual member." Finding no abuse of discretion, we affirm.

■ ¶2 A trial court's class certification order is reviewed for abuse of discretion. *Scoufos v. State Farm Fire & Cas. Co.,* 2001 OK 113, 41 P.3d 366. A denial of class certification rests on an adequate record when any of the five 12 O.S. Supp.1984 § 2023 prerequisites is absent.[1] *Mattoon v. City of Norman,* 1981 OK 92, 633 P.2d 735.

1.  12 O.S. Supp.1984 § 2023:
    A. PREREQUISITES TO A CLASS ACTION. One or more members of a class may sue or be sued as representative parties on behalf of all only if:
    1. The class is so numerous that joinder of all members is impracticable;
    2. There are questions of law or fact common to the class;
    3. The claims or defenses of the representative parties are typical of the claims or defenses of the class; and

    4. The representative parties will fairly and adequately protect the interests of the class.
    B. CLASS ACTIONS MAINTAINABLE. An action may be maintained as a class action if the prerequisites of subsection A of this section are satisfied and in addition:

    * * *

    3. The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superi-

¶ 3 Plaintiffs invested in Serial Zero Coupon Series[2] B Bonds of Greater Southwestern Funding Corporation, an entity created by PaineWebber to issue the B Bonds. Integral parts of the structure supporting the value of the bonds was Reading & Bates Corporation's[3] tenancy in the Mid–Continent Tower, a Tulsa, Oklahoma office building, and mortgages on the building. Plaintiffs claim that the appraisal of the property was conducted fourteen months before the initial public offering of the B Bonds; that it was greatly inflated and that they were not informed of this. They further stated that they were totally dependent on the representations of PaineWebber brokers who used uniform sales materials to induce them to buy. Plaintiffs sought a nation-wide class.

¶ 4 The issues appealed relate to Plaintiffs' claim of fraud.[4] Plaintiffs contend that the trial court (a) ignored the substantial evidence submitted showing commonality and predominance and precedent with respect to standardized fraudulent sales methods or omissions of material fact; (b) improperly found that fraud claims premised in part on oral misrepresentations cannot be certified; (c) improperly found that individual reliance issues will overwhelm any common issues; and (d) ignored the settled rule that close questions respecting the propriety of class certification must be resolved in favor of certifying a class.

¶ 5 With respect to the assertion that the trial court ignored their evidence of commonality and predominance of fact and law, we hold that the trial court did not abuse its discretion when it found Plaintiffs did not carry this burden. Plaintiffs' common law fraud claims include at least 375 Series B bondholders who invested more than $6 million pursuant to the April 1, 1985 Prospectus and many different brokers with deals struck in about twenty states.

¶ 6 The record reveals that the Prospectus was distributed to some but not all investors, and that brokers used various internal PaineWebber memoranda as their primary resource when talking with potential customers. These memoranda were not shown to customers. They do not contain all of the information found in the prospectus. Plaintiffs argue that these memoranda are the equivalent of a "script," so as to rebut the usual course that fraud based upon oral representations is not generally amenable to class certification. See *Bunch v. K–MART Corporation*, 1995 OK CIV APP 41, 898 P.2d 170, *cert. den.* (Plaintiffs alleged, *inter alia*, that K–Mart automotive employees misrepresented that they needed repairs. In common law fraud, the reliance element each individual must prove defeated class action certification.); *Yadlosky v. Grant Thornton L.L.P.*, 197 F.R.D. 292 (E.D.Mich.2000)(Class action usually inappropriate when plaintiffs indicate they relied primarily on oral representations when deciding to buy securities); *Kelley v. Mid–America Racing Stables, Inc.*, 139 F.R.D. 405 (W.D.Okla.1990) (Plaintiffs relied on advice given by stockbrokers. Common law fraud claims require showing of

---

or to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include:

  a. The interest of members of the class in individually controlling the prosecution or defense of separate actions,

  b. The extent and nature of any litigation concerning the controversy already commenced by or against members of the class,

  c. The desirability or undesirability of concentrating the litigation of the claims in the particular forum, and

  d. The difficulties likely to be encountered in the management of a class action.

**2.** "A bond which pays no coupons, is sold at a deep discount to its face value, and matures at its face value. A zero-coupon bond has the important advantage of being free of reinvestment risk, though the downside is that there is no opportunity to enjoy the effects of a rise in market interest rates. Also, such bonds tend to be very sensitive to changes in interest rates, since there are no coupon payments to reduce the impact of interest rate changes. In addition, markets for zero-coupon bonds are relatively illiquid. Under U.S. tax law, the imputed interest on a zero-coupon bond is taxable as it accrues, even though there is no cash flow." *investorwords.com*, WebFinance, Inc., © 1997–2003.

**3.** Reading & Bates was an off-shore drilling company which apparently fell on hard times after the oil bust of the early 1980's. It defaulted on its lease obligations.

**4.** Plaintiffs pled negligent and intentional breach of fiduciary duties as well, but do not appeal the denial of class certification on those grounds.

individual reliance which every member of the proposed class would have to prove, making individual claims predominate.) However, the trial court found that the relationship between each investor and PaineWebber would be a critical jury question and that individual reliance issues would "overwhelm any common issues." Rather than relying on misrepresentations or omissions in documents received by each investor, it is clear that Plaintiffs alleged oral misrepresentations and omissions for the principal bases of their fraud claims. We cannot say that the trial court abused its discretion in making these findings.

¶ 7 Although not impossible, a common law claim of fraud in multiple states is always difficult. " . . . [P]urported class members residing in other states could not be bound by a fraud action governed by Oklahoma law." *Sias v. Edge Communications, Inc.,* 2000 OK CIV APP 72, ¶ 18, 8 P.3d 182, 188. The *Sias* court also stated that the fraud element of individual reliance meant that common issues of law and fact could not predominate.

¶ 8 Finally, Plaintiffs contend that there was a close question and that the trial court should have certified the class on that ground. See Y*sbrand v. DaimlerChrysler Corporation,* 2003 OK 17, 81 P.3d 618, citing *Perry v. Meek,* 1980 OK 151, ¶ 15, 618 P.2d 934, 940. The record, however, does not support the existence of a close question.

¶ 9 Because the record presented supports the trial court's finding that Plaintiffs failed to carry their burden of showing that questions of law or fact common to the members would predominate over questions affecting individuals, we hold it did not abuse its discretion in denying class certification and therefore AFFIRM.

ADAMS, P.J., and JOPLIN, C.J., concur.